## BLISS *v.* MURRAY *et al.*

*(Supreme Court, Special Term, New York County.* ·July 8, 1889.)

INJUNCTION—TO STAY SUMMARY PROCEEDINGS.

    Under Code Civil Proc. N. Y. § 2265, providing that before final orders summary proceedings shall not be stayed by any court or judge, except in a case where an injunction would be granted to stay the proceedings in an action of ejectment, injunction should not be granted on the grounds that the petition was not properly verified, or did not describe the premises, or did not state the interest of the petitioner, or that the defense of another action pending was not allowed, as all these are legal defenses, available on the trial, and reviewable on appeal.

At chambers. Action by Alice Maud Bliss against Thomas E. Murray and another, before final order, to enjoin summary proceedings. A preliminary injunction was obtained, which defendants now move to dissolve.

*S. F., F. H., & H. Cowdry,* for plaintiff. *Kopper & Jenks,* for defendants.

O'BRIEN, J. Code Civil Proc. § 2265, provides that before final order summary proceedings shall not be stayed by any court or judge, "except in a case where an injunction would be granted to stay the proceedings in an action of ejectment." "Proceedings of the plaintiff in an action of ejectment will not be enjoined where the questions involved can be determined at law, or where the ground relied upon for an injunction would be equally available, if urged as a defense to the action." *Chadwick* v. *Spargur,* 1 Civ. Proc. R. 424; High, Inj. § 325. "If the questions raised by the answer in this proceeding are within the jurisdiction of the justice to decide, the question of the correctness of his rulings must be raised by appeal." *Chadwick* v. *Spargur, supra; Jessurun* v. *Mackie,* 24 Hun, 624. There is no allegation that the proceedings before the justice were fraudulent or collusive,—the grounds relied upon being that, by reason of certain defects in the petition, the justice acquired no jurisdiction to entertain the proceedings; and the second ground relied upon is that the plaintiff was unable to avail herself of the defense of a former action pending. Upon authority, it is clear that an injunction should not be granted where the respondent has an opportunity of being heard, and the injunction is an irregular attempt to review the rulings of the magistrate. *Armstrong* v. *Cummings,* 20 Hun, 313. Where all the questions raised may properly be inquired into and determined by the magistrate before whom the summary proceedings have been instituted, an injunction will not be granted. *Bean* v. *Pettingill,* 2 Abb. Pr. (N. S.) 58; affirmed, 7 Rob. (N. Y.) 7. In *Cramer* v. *Amberg,* reported in Daily Register, November 8, 1888, in denying an application for a writ of prohibition, Mr. Justice BARRETT said: "The justice had jurisdiction of the parties and of the subject-matter. If he errs, the remedy is by appeal. At all events, prohibition will not lie where he proceeds regularly under the Code with regard to summary proceedings."

The preliminary objections raised before the justice—*First,* that the petition does not describe the premises; *second,* that the petition does not state the interest of the petitioner; *third,* that the petition is not verified according to law—were within his jurisdiction to pass upon, and, if any error had been committed, the remedy is by appeal. In other words, the justice, having jurisdiction of the parties and the subject-matter, could determine the validity of the objections raised, and his error, if any, in ruling thereon, should be remedied by appeal. The other ground relied upon, namely, that the plaintiff was unable to avail herself of the defense of a former action pending, is not sufficient to warrant the issuance of an injunction. This defense was raised by the answer, passed upon by the justice, and to the ruling made thereon an exception was taken. Applying the test fixed by the Code, would this be a sufficient ground for the granting of an injunction in an action of ejectment? The proceedings in such an action will not be enjoined when, as before stated, "the questions relied upon for an injunction will be equally

available if urged as a defense to the action." The defense of a former action pending is a legal, as distinguished from an equitable, defense. It was raised and available for what it was worth in the summary proceedings. If the justice erred, his ruling upon this, as upon the other grounds relied upon, must be reviewed by appeal. This, therefore, does not seem to me to be within the cases in which injunctions have been granted because the justice had no jurisdiction, or the proceedings were fraudulent or collusive, or where the defense was of an equitable nature, not cognizable by the justice. It is well settled that where there has been fraud or collusion, or where the justice has not obtained jurisdiction by want of the necessary preliminary steps or other cause, or where, from the peculiar circumstances of the case, one is precluded from setting up his defense before the justice, an injunction will issue. It appearing to me, therefore, that all the questions presented upon this motion might be properly raised before the justice, and any error committed by him should be remedied, as the law directs, by appeal, and as provision is made for a stay pending such an appeal, I do not think that the injunction should be continued; for, as stated, *Chadwick* v. *Spargur, supra:* "So long as the justice proceeds within his jurisdiction, an injunction cannot issue, however harsh may be the effect of the statute." Motion to dissolve preliminary injunction is therefore granted.