## NEW YORK CITY BAPTIST MISSION SOC. v. POTTER.

### SAME v. ROSS.

(Supreme Court, Special Term, New York County.   April, 1897.)

1. INJUNCTION—AGAINST ACTION AT LAW.
    A forcible entry and detainer proceeding in a district court of New York City will not be enjoined where there is a perfect defense within the jurisdiction of said court, though there is also an equitable defense not within its jurisdiction.

2. SAME—SUFFICIENCY OF COMPLAINT.
    Where an injunction is based on the complaint (Code Civ. Proc. § 603), it must be supported by the averments of complaint.

Separate actions by the New York City Baptist Mission Society against Daniel C. Potter and against Julia Ross for injunctions. Plaintiff moves to continue temporary injunctions. Denied.

Edward S. Clinch, for plaintiff.

Fullerton & Scharps, for defendants.

PRYOR, J. The plaintiff sues for injunctions against the prosecution in a district court of forcible entry and detainer proceedings. But as the plaintiff shows a perfect defense, within the jurisdiction of the district court to entertain and determine, the proceedings may not be restrained. Savage v. Allen, 54 N. Y. 458, 463; Richardson v. Davidson (Sup.) 5 N. Y. Supp. 617; Sheehan v. Hamilton, *41 N. Y. 304, 306; Wallack v. Society, 67 N. Y. 23. Apprehension of a wrong decision by the court in possession of the cause is no ground for the intervention of another tribunal. Wolfe v. Burke, 56 N. Y. 115, 119. It is contended, however, that the complaints exhibit an equitable defense to the proceedings of which the district court has not jurisdiction. The supposed defense is that the petitioners were in possession of the premises under and by virtue of a fraudulent and void lease, of which the complaints pray the cancellation. Assuming the lease invalid, and judgments in these actions so declaring, the fact would be no defense to the proceedings in the district court; for, in forcible entry and detainer, "title not being in issue, evidence to disprove complainant's title is inadmissible." 8 Am. & Eng. Enc. Law, 166. "In forcible entry, the title or right of possession is no justification, and it matters not whether the person whose possession is invaded has or has not any title or right to possession. The owner of land is liable in this action if he forcibly enters upon the peaceable possession of a trespasser." Beeler v. Cardwell, 77 Am. Dec. 552, note. In forcible entry and detainer, "the only questions to be decided are whether or not the plaintiff was lawfully or peaceably in possession of the premises, and whether or not the respondent unlawfully entered or forcibly detained the same. Neither the right of entry nor the right of possession is involved in the issue." Alexander v. Griswold (Com. Pl.) 17 N. Y. Supp. 522; Kelly v. Sheehy, 60 How. Prac. 439. The issues in a summary proceeding against a tenant are different, and hence the adjudication in Becker v. Church, 115 N. Y. 562, 22 N. E. 748, is of no relevancy to the point in controversy. Assuming that the provision in Code, § 2265, subd. 2, applies to a proceeding for forcible entry and detainer, still "the court will not restrain by injunction summary proceedings for the recovery of possession of lands, when no fraud, mistake, surprise, or undue advantage in the actual conduct of such proceedings is shown." Knox v. McDonald, 25 Hun, 268–270; Bliss v. Murray (Sup.) 7 N. Y. Supp. 917; Armstrong v. Cummings, 20 Hun, 313; Broadwell v. Holcomb, 65 How. Prac. 502. Observing no circumstance of fraud, mistake, surprise, or undue advantage in the actual conduct of the proceedings by the defendants, I abide by the opinion intimated at the hearing, that upon the plaintiff's papers no ground for an injunction is apparent.

With the opposing affidavits of the defendants the petitions by which the forcible entry and detainer proceedings were instituted are

incorporated, and it is argued that for a defect in those petitions the court has not acquired jurisdiction of the proceedings.    But, as the injunctions issued under section 603 of the Code, the ground of relief must appear in the complaints, and may not be supplied aliunde. McHenry v. Jewett, 90 N. Y. 58; Stull v. Westfall, 25 Hun, 1; Bagg v. Robinson, 12 Misc. Rep. 299, 34 N. Y. Supp. 37.    The motions for the injunctions proceeded upon the original complaints in the actions, and by them the sufficiency of the petitions is not at all impeached.    A defect in the petitions developed after the injunctions were granted is not available to uphold them.    Moreover, in the proceedings the respondent pleaded generally, without objecting to the defect; and such defect is not recited in the orders as a ground of the interim injunctions.    Surely, these injunctions may not be continued for a cause not apparent in the papers upon which they were obtained, nor alleged by the court as the occasion of their allowance.    It is urged, however, that the irregularity in the petitions is such as to deprive the district court of jurisdiction of the proceedings.    The defect imputed is an inadequate description of the interest of the petitioners.    Code, § 2235. The interest asserted in the Ross proceeding is that of lessee of the Tabernacle Baptist Church, and the interest asserted in the Potter proceeding is that of occupant of a part of the building "by virtue of an arrangement or agreement made and entered into between himself and Julia Ross, a lessee of the entire premises."    The defect in the petitions is available to the respondent in the district court.    Bliss v. Murray (Sup.) 7 N. Y. Supp. 917.    The cases adduced by the plaintiff in support of its position are, therefore, easily and essentially distinguishable.    In Schneider v. Leizman, 57 Hun, 561, 11 N. Y. Supp. 434, the description of interest was simply that of peaceable and lawful possession; the objection to the insufficiency of the petition was seasonably made and overruled; the appeal taken was a nullity, and the only remedy by injunction; and the action was not to restrain the trial of the proceeding, for that was concluded, but to enjoin enforcement of a warrant issued without legal justification.    In Fuchs v. Cohen (Com. Pl.) 19 N. Y. Supp. 236, the question as to the validity of the petition arose upon appeal from a final order in the proceeding, and hence is no authority for the proposition that an insufficient description of petitioner's interest gives equity jurisdiction to enjoin the proceeding.    To the contrary, People v. Field, 52 Barb. 198, is an express adjudication; where it was held that, "if the allegation in the complaint is not sufficiently full and specific, the defendant should raise the question before the judge to entitle himself to the benefit of the objection," and that a failure to comply with the statute in the description of the petitioner's interest "is not such a defect as to deprive the officer of jurisdiction."    That the pendency of the Ross action in this court is not a valid plea to the proceedings for forcible entry and detainer, is too clear for argument; but, if otherwise, the defense is available in those proceedings.    Bliss v. Murray (Sup.) 7 N. Y. Supp. 917.    Motions denied, with costs.