BRYAN, Appellant, v. BURROUGHS et al., Respondents. (Supreme Court, Appellate Division, Second Department. March 8, 1907.) Action by Esther De Puy Bryan against Fannie Louise Burroughs (formerly Temple) and others. No opinion. Judgment affirmed, with costs.

BURKE, Respondent, v. HOLTZMANN, Appellant. (Supreme Court, Appellate Division, Third Department. March 13, 1907.) Action by Anna Burke, as administratrix; etc., of Benjamin F. Burke, deceased, against George Holtzmann. No opinion. Motion granted.

BURKE, Respondent, v. LEVERING & GARRIGUES CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 15, 1907.) Action by Thomas Burke against the Levering & Garrigues Company. No opinion. Judgment and order unanimously affirmed, with costs.

BURKE, Appellant, v. McCARTHY, Respondent. (Supreme Court, Appellate Division, First Department. March 15, 1907.) Action by Thomas F. Burke against William H. McCarthy. J. Rouss, for appellant. R. F. Fox, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

BURR et al., Respondents, v. CASE, Appellant. (Supreme Court, Appellate Division, Second Department. March 15, 1907.) Action by Joseph A. Burr and others against David K. Case. No opinion. Motion to dismiss appeal granted with costs, unless the appeal is perfected in time to place the case on the April calendar. On compliance, motion denied, without costs.

In re BYRNES. (Supreme Court, Appellate Division, First Department. February 25, 1907.) In the matter of Matthew Byrnes, deceased. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

CANDEE, SMITH & HOWLAND CO., Respondent. v. METROPOLITAN SURETY CO., Appellant. (Supreme Court, Appellate Division, First Department. March 8, 1907.) Action by the Candee, Smith & Howland Company against the Metropolitan Surety Company. G. Haldane, for appellant. A. R. Hager, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

CARDINO, Appellant, v. LEHIGH VALLEY R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. March 13, 1907.) Action by Salvatore Cardino against the Lehigh Valley Railroad Company.
PER CURIAM. Order affirmed, with costs.
KRUSE, J., dissents.

CARLISLE v. NATIONAL SURETY CO. (Supreme Court, Appellate Division, First Department. March 27, 1907.) Action by John G. Carlisle against the National Surety Company. No opinion. Motion denied, with $10 costs. Order filed.

CARLSON v. MUNSON (two cases). (Supreme Court, Appellate Division, First Department. March 15, 1907.) Action by Carl E. Carlson against Walter D. Munson. No opinion. Motions granted, with $10 costs. Orders filed.

CARMER, Respondent, v. RHODES, Appellant. (Supreme Court, Appellate Division, Fourth Department. March 6, 1907.) Action by Grant D. Carmer against Orilla C. Rhodes. From the judgment, defendant appeals. Affirmed.
PER CURIAM. Order affirmed, with $10 costs and disbursements.
KRUSE, J. (dissenting). I dissent. The plaintiff in this action was the defendant in the summary proceeding which he attacks. He appeared therein, filed an answer to the petition, contested the same, and was beaten. The real controversy between the parties was whether the plaintiff's term, which concededly expired on the 1st day of May, 1906, was extended for another year as claimed by the plaintiff, or whether he was holding over after the expiration of said term. The plaintiff contended that a new lease was executed by the agent of the owners, and proffered to him, which he did not execute. He claims, however, that the agent stated to him that if he remained in possession he would be deemed to have ratified the lease, and that he did remain in possession and elected to ratify the same. That issue was tried and determined in the summary proceeding adversely to the plaintiff, and thereupon the order was made and the warrant to dispossess the plaintiff was issued, the enforcement of which he now seeks to enjoin. If, in any view of the case, as disclosed by the complaint and the papers in this record, the plaintiff is entitled to such relief, manifestly the injunction order should be retained until the trial and determination of the issues in this action; but I fail to see how he can possibly succeed. Every question involving the merits could have been, and was actually, tried in the summary proceedings. Whatever redress the plaintiff has by way of reviewing the adjudication in the summary proceeding is limited to the appeal which he has taken to the County Court, and which, so far as the record shows, still remains undetermined. I do not think this action can be maintained. Knox v. McDonald, 25 Hun. 268; Jessurun v. Mackie, 24 Hun. 624; Baptist Mission Society v. Potter, 20 Misc. Rep. 191, 44 N. Y. Supp. 1051. The contention is also made by the plaintiff that the description contained in the petition is insufficient. The petition is not contained in the record. The complaint itself describes the premises with sufficient definiteness and certainty, and alleges that a warrant was issued directing the constable to remove the tenant therefrom. While it is stated in the complaint that the plaintiff objected upon the ground that the justice did not have jurisdiction, for the reason that the petition did not properly describe the premises, it fails to show that the description was actually deficient, and beyond that the summary proceeding was tried on the merits. I think the