## SUPREME COURT.

### FREDERICK W. BOKEE agt. JOHN W. HAMERSLEY and ED-WARD STONE.

The only cases in which the court will interfere by *injunction* to stay *summary proceedings* between landlord and tenant, is: 1st. Where there has been fraud or collusion. 2d. Where the justice has not obtained jurisdiction, by want of the necessary preliminary steps or other cause, and 3d. Where the tenant, from the peculiar circumstances of the case, is precluded from setting up his defence before the justice.

In all other cases, the only remedy of the tenant is by *certiorari* to this court, by which it is now settled, (*Benjamin* agt. *Benjamin,* 1 *Seld.* 383,) that the court has full power to examine upon the merits, every decision of the judge upon a question of law, and to affirm, reverse or quash the proceedings, as justice may require.

A voluntary assignee in trust for the creditors of the assignor, cannot be presumed to have accepted the transfer of a lease of premises for a term of years held by the latter as lessee, without some positive act indicating his acceptance, and especially so, where the assignment does not specify the premises. In the absence of any such evidence of acceptance by the assignee, the landlord is not obliged to recognize him as the tenant, so as to make it necessary to *demand the rent* from him. A demand of the lessee and tenant in possession, is sufficient in such case.

To entitle a lessee or tenant to the redemption of the unexpired term of the lease under the statute, where judgment has been rendered in these summary proceedings, it must appear that the unexpired term of the lease exceeds five years at the time of issuing the warrant; and that the rents and costs have been properly tendered, or security offered within ten days for the payment thereof. And this is so although the lease may contain a conditional covenant of renewal by the landlord for a further term of years, after the expiration of the first.

*New - York Special Term, October,* 1858.

THIS action was brought by the plaintiff, claiming to be the owner of the leasehold estate at the corner of John and William streets, in the city of New-York, for an injunction restraining said defendant Hamersley, from interfering in said premises, and also restraining defendant Stone, from paying any rent for said premises, to said Hamersley, and that both defendants be restrained from interfering with the plaintiff's

rights in the premises, until the further order of the court; and also, that a judgment be made in this action, declaring all the summary proceedings taken by the defendant Hamersley, before a justice of the peace, to be void, &c., or that the plaintiff be at liberty to redeem the premises from such judgment, on paying the amount of rent and costs, &c., in ten days; and praying for a receiver, &c.

The answer denied that the plaintiff became the owner of said leasehold premises as in the complaint alleged; that the claim of the plaintiff thereto was merely colorable, that he pretended to have derived the same from his father, David A. Bokee, some years since, without any beneficial interest in himself, and upon some alleged trust for creditors, which so far as related to said premises he had, in fact, neither performed nor assumed; and said David A. Bokee, and not the plaintiff, was up to the time of the commencement of the summary proceedings for the recovery of possession of said premises, both the ostensible and actual manager and owner of said premises, and as the original lessee thereof, was the person primarily liable to pay the rents reserved by the lease, and the plaintiff was not in the occupancy of said premises, or any part of them, &c. The answer also alleged, that the rent was demanded of said David A. Bokee, and also of the defendant Edward Stone, the principal under lessee and occupant, on instituting such summary proceedings, &c. Also, that the plaintiff was served with the summons and had notice of such summary proceedings, and that the plaintiff and said David A. Bokee, and said Edward Stone, appeared before the justice at the time required, to show cause, either by attorney or in person, &c. The plaintiff moved for the injunction, &c., in this action.

WARING & SIDELL, *for plaintiff.*

MAN & PARSONS, *for defendants,* argued the following points:

I. The summary proceedings are conclusive. Plaintiff was regularly made party, and served with the summons, and appeared by counsel; and as he admits in his complaint, *acted by advice* in not defending it.

The proceedings were in all respects regular. The justice had jurisdiction, and if plaintiff had any cause to show to the contrary, he should have shown it then. It is now a final and definitive judgment, and the proper and only remedy to avoid it, is by *certiorari.* Plaintiff admits full notice ; for he says in his complaint, that "he was advised not to interfere with said Hamersley, in said proceedings before said justice." Why did he not then assert his claims, and pay or offer the rent, or give security to pay in ten days ? (*Laws* 1857, *ch.* 684, § 4.)

II. The demand of rent may be made of the tenant in possession, although he be neither lessee nor assignee of the lease. (*Rogers* agt. *Lynds*, 14 *Wend.* 172.) The better course is to demand it of the person " owing " the rent. This seems to be the proper construction of sub. 2 of § 28. (2 *R. S. 4th ed. p.* 756.) Though as Judge SUTHERLAND said, in 14 *Wend.* 172, " The statute does not distinctly say of whom demand shall be made." As the statute provides, that the demand by giving three days' notice to pay, may be served on the person " owing " the rent, it is fair to infer that the direct demand may be made upon the same person.

(2 *R. S. 4th ed.* 756, § 28, 2d *sub.*) " Where such person shall hold over without such permission as aforesaid, after any default in the payment of rent, pursuant to the agreement under which such premises are held, *and a demand of such rent shall have been made, or three days' notice in writing, requiring the payment* of such rent or the possession of the premises, shall have been served by the person entitled to such rent, *on the persons owing the same,* in the manner prescribed for the service of the summons in the 32d section of this title."

III. There is no ground of equity jurisdiction in this case. 1st. It is not a case for redemption under the statute, for the lease had less than five years to run, when the warrant issued. (*See Answer and the Lease, and see* 2 *R. S. 4th ed.* 760, § 54.) " If the unexpired term of the lease under which the premises are held, exceeds five years at the time of issuing the warrant, the lessee, his assigns, &c., may at any time within one year after possession shall have been delivered, pay or tender all

rent then in arrear, and all costs, &c., and in such case, the premises shall be restored," &c. There has been no tender of rent and costs. 2d. Besides, the statute has prescribed the remedy by *certiorari*, and this court will not interfere as a court of equity, where an adequate remedy exists at law, or is given by statute. Besides, it is evident that the remedy by *certiorari* was intended to be exclusive, and that courts of equity should not interfere by injunction. (2 *R. S. 4th ed.* 759, § 47.) The supreme court may award a *certiorari* for the purpose of examining any adjudication made on any application hereby authorized. *But the proceedings on such application shall not be stayed or superseded by such writ of certiorari, or any other writ or order of any court or officer.*" (*See Smith* agt. *Moffat,* 1 *Barb.* 65, 70.) The remedy by *certiorari* is quite adequate. The *certiorari* brings up all the facts and evidence which are necessary " to enable the court to determine any point of jurisdiction or other question of law arising on the proceedings." (*Rathbun* agt. *Sawyer,* 15 *Wend.* 452 ; *Benjamin* agt. *Benjamin,* 1 *Seld.* 383 ; *Anderson* agt. *Prindle,* 23 *Wend.* 616 ; *Post* agt. *Niblo,* 25 *Wend.* 283 ; *Buck* agt. *Bininger,* 3 *Barb.* 391.) No *peculiar ground for equitable relief* (such as fraud, collusion or the like) is alleged ; nor any reason why a *certiorari* would not lie, and be as effectual as this suit could be.

IV. Plaintiff had no actual interest in the premises, and neither acted himself nor was treated by others as lessee of the premises. He was under the conveyance from D. A. Bokee, a mere voluntary assignee in *trust* for creditors. The assignment did not specify these premises, and the plaintiff exercised no act of ownership to make himself liable under the covenants of the lease ; he was not in possession ; he paid neither rent nor taxes ; collected no rents and made no effort to sell ; but left the entire control to D. A. Bokee. It is evident, therefore, that it was not necessary to demand rent of plaintiff. A voluntary assignee in trust for creditors, cannot be presumed to have accepted the transfer of a lease, (thus making himself liable for rents, &c.) The rents and covenants may render the lease worse than valueless to creditors. There-

Bokee agt. Hamersley.

fore, in the language of the cases, (*as cited in Taylor's Landlord and Tenant*, § 458,) the assignee of an insolvent debtor, "has a reasonable time to decide whether the leasehold property can be made available for the benefit of creditors." Besides, the lease contains a clause *prohibiting any assignment* of it, and the lessor could not be bound to take any notice of an assignment. Certified copy of the summary proceedings is evidence. (*Laws 1857, "Act to reduce acts in relation to district courts,"* &c., § 64.)

CLERKE, Justice.   The court will never interfere by injunction, in these summary proceedings between landlord and tenant, except where there has been fraud or collusion, or where the justice has not obtained jurisdiction by want of the necessary preliminary steps, or other cause, or except where the tenant from the peculiar circumstances of the case, (as in *Volloton* agt. *Seignett*, 2 *Abbott*, 141,) is precluded from setting up his defence before the justice.   Otherwise, the only remedy for the tenant is by certiorari to this court; by which it is now settled that we have full power to examine upon the merits every decision of the judge upon a question of law, and to affirm, reverse or quash the proceedings, as justice may require. (*Benjamin* agt. *Benjamin*, 1 *Selden*, 383.)

The only possible ground for the extraordinary interference of this court by injunction in the present case, is 1st. That the plaintiff is now the actual tenant under the lease, being the assignee of David A. Bokee, the lessee, and that the demand required by the statute was not made on him, but only on David A. Bokee, and, 2dly. That this is an action under § 64 of the statute, which allows the lessee or his assigns, at any time within one year to redeem, where the unexpired term of the lease exceeds five years at the time of issuing the warrant, by paying or tendering all rent in arrear and all costs.

1.  With regard to the first ground, it appears that the plaintiff was the general assignee of all the lessee's real and personal estate, in trust for his creditors.   The assignment does not specify these premises; the plaintiff never took possession of

them; he paid neither rent nor taxes, collected no rents, made no effort to sell; he left the whole control to the lessee, who is his father; and in short, he exercised no act of ownership, to make himself liable under the covenants of the lease. A voluntary assignee in trust for creditors, cannot be presumed to have accepted the transfer of the lease, without some positive act indicating his acceptance; because by acceptance he may make himself personally liable for payment of rent and fulfilment of other covenants, and the lease may be detrimental to the interests of the creditors. I do not think, therefore, that the landlord was obliged to recognize him as the tenant, so as to make it necessary to demand the rent from him. Besides, he was summoned as a party to the proceedings before the justice, he appeared, made no objection, that I can perceive, and certainly set up no defence. He had an opportunity after judgment under § 44, to apply to have the warrant stayed by paying the rent due and the costs, or by giving security for the payment thereof within ten days. This he has not done.

II. The second ground upon which the application is made, is not available under this complaint. It does not state that the rent and the costs have been tendered, or that anything whatever has been done by the plaintiff to entitle him to the redemption contemplated by the statute. And even if he had placed himself in the proper position in this respect, this is not a case to which the benefit of the section extends. The unexpired term of the lease did not exceed five years, at the time of issuing the warrant. The warrant was issued on the 31st of May last, the lease expires on the 1st of May, 1863.

The lease indeed, contains a covenant, that the lessor will at the expiration of the term, pay to the lessee the value of the building and improvements, which he may have made on the premises; or instead of paying for such building and improvements, the lessor may at his option, grant a renewal of the lease for a further term of twenty-one years. This is not a demise for a further term of years, it wants that essential ingredient of a demise—certainty; it depends entirely on the option of the lessor; and, in short, is nothing more than a

covenant, giving no positive right of possession to the lessee; but a mere right of action for its breach, in case the lessor should neither pay the value of the improvements, nor grant a renewal of the lease.

