---

MARY SCHNEIDER, Respondent, v. EDWARD LEIZMAN and RICHARD HILL, Appellants, Impleaded with THOMAS C. HODGSON, as Sheriff, etc.

57h 561
f50ad437

*Proceedings for forcible entry and detainer — what the petition must state — Code of Civil Procedure, sec. 2235 — injunction to restrain dispossession.*

In summary proceedings for forcible entry and detainer, the petition presented to the magistrate, under section 2235 of the Code of Civil Procedure, must contain a description of the premises of which possession is claimed, and of "the interest therein of the petitioner or the person whom he represents."

It is not sufficient to allege therein that the petitioner was, on the date of the forcible entry complained of, "in the peaceable possession and occupancy" of said premises, "and lawfully entitled to remain and continue in possession thereof."

Such a petition does not confer jurisdiction upon a justice of the peace, and the Supreme Court may be properly appealed to to restrain proceedings thereunder.

Appeal by the defendants Edward Leizman and Richard Hill from an order made at the Monroe Special Term, and entered in the office of the clerk of the county of Monroe on the 24th day of May, 1890, which denied a motion to vacate a temporary injunction.

*J. Sullivan*, for the appellants.

*P. McIntyre*, for the respondent.

Dwight, P. J.:

The action was in equity to restrain the defendants from enforcing a warrant issued by a justice of the peace in the town of Irondequoit, in Monroe county, to dispossess the plaintiff of premises situate in that town, in summary proceedings for forcible entry and detainer. The complaint alleged, among other things, in effect, that the warrant was void for want of jurisdiction in the justice to issue the precept by which the proceeding was commenced, and the want of

jurisdiction was predicated upon the failure of the petition presented to the magistrate, to comply with the requirements of the statute by which the proceeding is given.

The statute referred to is section 2235 of the Code of Civil Procedure. It prescribes, among other requisites of the petition, that it shall contain a description of the premises of which possession is claimed, and of " the interest therein of the petitioner, or the person whom he represents." The petition in this case contains no description of any interest claimed in the premises described. In that respect it alleges only that the petitioner was, on the day of the forcible entry complained of, "in the peaceable possession and occupancy" of such premises, "and lawfully entitled to remain and continue in possession thereof." This was manifestly not in compliance with the statute. It was not a description of *the* interest of the petitioner in the premises, but, at most, an allegation, by inference, that the petitioner had *some* interest therein which entitled him to the possession. The statute plainly requires a description of the particular title, estate or interest under which the petitioner claims.

It is an elementary rule that, in every purely statutory proceeding, the statute must be strictly pursued in order to give jurisdiction to the court or officer called upon to apply its provisions. The magistrate to whom the petition in question was presented was, therefore, without jurisdiction to issue the original process in the proceeding sought to be commenced before him. On the return of that process the defendant therein, plaintiff in this action, made the objection to the jurisdiction here considered, but it was overruled, and the magistrate proceeded to issue the final warrant for her removal from the premises. She thereupon took an appeal to the County Court from the supposed judgment or final order of the justice upon which the warrant should have been based ; but the proofs before the Special Term, upon which the motion to vacate the injunction was denied, tend to show, and the court was justified in finding that at the time the appeal was taken no judgment or final order in the proceeding had been made or entered by the justice. That appeal was, therefore, a nullity, and the only remedy of the defendant in the proceeding against the void warrant was by an injunction to restrain its enforcement.

There has been much discussion by the courts of the question in

what cases an injunction will lie to restrain this particular proceeding, especially under the apparent restrictions imposed by section 2265 of the Code of Civil Procedure; but all the cases agree that that statute does not affect the power of the courts to restrain those proceedings when void for want of jurisdiction. (*Chadwick* v. *Spargur*, 1 Civ. Pro. Rep., 422 and note; *Kiernan* v. *Reming*, 7 id., 311; *Bokee* v. *Hamersley*, 16 How. Pr., 461.)

We can have no doubt that this action was well brought, and that the motion to dissolve the injunction herein was properly denied.

The order appealed from should be affirmed.

CORLETT, J., concurred; MACOMBER, J., not sitting.

Order appealed from affirmed, with ten dollars costs and disbursements.