FUCHS *v.* COHEN *et al.*

(*Common Pleas of New York City and County, General Term.* June 6, 1892.)

FORCIBLE ENTRY—PLEADING—INTEREST OF PETITIONER.

Code Civil Proc. § 2235, requiring petitioner in forcible entry and detainer to state his interest in the premises, is not satisfied by a recital that he "is the tenant of the premises pursuant to an agreement with the landlord."

Appeal from district court.

Action of forcible entry and detainer by Julia Fuchs against Morris W. Cohen and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before BOOKSTAVER, P. J., and BISCHOFF and PRYOR, JJ.

*Andrew Blake,* for appellants.  *S. Feuchtwanger,* for respondent.

PRYOR, J.    Upon an attentive examination of the evidence in this proceeding, the conclusion is irresistible that not the petitioner, but her husband, was the person whose possession was invaded, and that the invasion complained of was not characterized by the violence and terror essential in the legal definition of a forcible entry. The petitioner's claim of tenancy was obviously a mere pretense; and the respondent's conduct in foreclosing the mortgage, if rough and resolute, still lacked the element of threat and force necessary to constitute the grievance remediable by the proceeding. We are of opinion that upon both points the verdict of the jury is clearly against the evidence. If otherwise, however, still the return discloses a defect in the proceeding which is fatal to its validity. The statute of forcible entry and detainer, being in derogation of the common law, and authorizing a process by which one may be summarily divested of his right, is to be strictly construed, and the proceeding rigidly restrained within its prescribed limits. *Bloom* v. *Burdick,* 1 Hill, 131; *Schneider* v. *Leitzman,* (Sup.) 11 N. Y. Supp. 434. The statute requires that in forcible entry and detainer the applicant must present to the justice "a written petition describing the premises and the interest therein of the petitioner," (Code, § 2235;) which means "a description of the particular title, estate, or interest under which the petitioner claims." *Schneider* v. *Leitzman,* (Sup.) 11 N. Y. Supp. 434. Here the petition recites merely that the applicant "is the tenant of the premises pursuant to an agreement with the landlord." Tenant *simpliciter* is "one who holds or possesses lands or tenements by a kind of title." McAdam, Landl. & Ten. 45. Whether the applicant was tenant for years, or from year to year, or from month to month, or at will, or at sufferance, is not indicated by the petition; wherein, therefore, "is not a description of the interest of the petitioner, but, at most, an allegation that she had some interest which entitled her to the possession." *Schneider* v. *Leitzman,* (Sup.) 11 N. Y. Supp. 434. An allegation of interest is not equivalent to a description of the interest. The complainant should disclose in his petition the nature of his right to the possession, and how and from whom it was acquired; and an allegation as to his rights, without facts to sustain it, is a legal conclusion. *People* v. *Field,* 52 Barb. 198.  A technical objection suffices to defeat the proceeding. *People* v. *Smith,* 24 Barb. 16; *People* v. *Whitney,* 1 Thomp. & C. 533. The defect in the description of petitioner's interest in the premises deprived the court of jurisdiction. *Schneider* v. *Leitzman, supra.*

Judgment reversed, and proceeding dismissed, with costs. All concur.