JOHN Q. A. WARD, Respondent, *v.* HOMER BURGHER, Appellant.

*Summary proceedings — sufficiency of the petition — they may be instituted against an under tenant.*

A petition instituting summary proceedings for the recovery of the possession of certain premises set forth that the plaintiff was the owner of the premises which he had rented to a club for a year, that the defendant was in possession as an under tenant of the club, and that the defendant held over after the expiration of the term without permission of the owner.

*Held,* that the petition was sufficient to confer jurisdiction; that summary proceedings may be instituted against an under tenant under the provisions of section 2231 of the Code of Civil Procedure.

APPEAL by the defendant, Homer Burgher, from a judgment and order of affirmance of the Ulster County Court in favor of the plaintiff, bearing date the 27th day of April, 1895, and entered in the office of the clerk of the county of Ulster affirming a final order in summary proceedings rendered after a trial before a justice of the peace.

*B. C. Chetwood,* for the appellant.

*M. H. Couch,* for the respondent.

PUTNAM, J.:

I think the petition was sufficient to confer jurisdiction upon the justice to issue a precept. It set forth that the plaintiff was the owner of the premises described therein ; that on or about September 3, 1893, they were rented to the Peckamose Fishing Club for one year from that date, and that defendant was in possession as an under tenant of such club, and held over after the expiration of the term without the permission of plaintiff.

The defendant, in his answer, alleged that he was in possession of said premises under a valid and subsisting lease, which had not expired. On the trial no objection was made by him to the sufficiency of the petition, and he made no motion for the dismissal of the proceedings when the plaintiff rested. The issues formed by the petition and answer were submitted to the jury without objection.

The plaintiff testified that he rented the premises to the Pecka-mose Fishing Club to be occupied by defendant, who was in the employ of the club, for one year from September 3, 1893, and that the lease was not extended. The defendant was sworn as a witness and did not deny this statement of plaintiff. The letters introduced by defendant did not conclusively show an extension of the lease. It did not appear from the one dated June 14, 1894, for what time the fifty-dollar check therein inclosed was a payment, whether for a period before or after the letter. It would appear, however, from the subsequent letter dated July 13, 1894, inclosing a check for sixteen dollars and sixty-six cents, and the receipt of July 18, 1894, for salary for the month of June, 1894, that the fifty-dollar check of June fourteenth was for salary previous to June 14, 1894.

We conclude, therefore, that the petition was sufficient to confer jurisdiction on the justice. Under the provisions of section 2231 of the Code of Civil Procedure summary proceedings may be instituted against an under tenant, and the evidence was sufficient to show that defendant was in occupancy of the premises as an under tenant of the lessee. The testimony on the trial presented a question of fact which was properly submitted to the jury, the defendant making no objection to such submission.

The plaintiff testified positively to a lease for one year, which expired on September 3, 1894, and that such lease had not been renewed, and if the letters and receipt read by defendant had some tendency to contradict this evidence, such letters and receipt were not so conclusive as to authorize the justice to withdraw the case from the jury, especially as the defendant, when sworn as a witness, did not controvert the statement of the plaintiff.

The judgment should be affirmed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment affirmed, with costs.