(24 Misc. Rep. 184.)

## FOX v. HELD et al.

(Supreme Court, Appellate Term. July 1, 1898.)

1. SUMMARY PROCEEDINGS—PLEADING—EVIDENCE.

If an answer in summary proceedings for the removal of a tenant for nonpayment of rent contains a general denial, the allegation in a further separate defense that the petitioner is the owner is not in aid of the petitioner's case, and does not relieve him from the necessity of proving the elements essential to a recovery.

2. SAME—PETITION.
    If a petition in summary proceedings to remove a tenant alleges that
    the petitioner is "lessee and landlord," the term "lessee" is so manifestly
    a clerical error as to work no injury to the tenant, and warrants treating
    it as surplusage, and striking it out.

Appeal from Fourth district court.

Action by Isaac Fox against Katie Held and others. From orders of the municipal court, defendants appeal. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

A. B. Schleimer, for defendants.

GILDERSLEEVE, J. This is an appeal by the tenant Katie Held from a final order in summary proceedings in favor of the alleged landlord, Isaac Fox. On the return of the precept the tenant appeared by counsel, and moved to dismiss the landlord's petition, on the ground that the same was insufficient in law, in that Isaac Fox alleged therein that he was the "lessee or landlord" of the premises No. 75 Eldridge street, in this city, being the premises in question. This motion was denied, and exception taken. Thereupon counsel on behalf of the tenant Katie Held interposed an answer. The only witness examined was the alleged landlord, Isaac Fox, who, under the objection of tenant's counsel, testified that he was the owner and landlord of the premises 75 Eldridge street, in this city. Aaron Weiss, also a tenant, was included in the proceedings, and his rights were adjudicated upon the same pleadings and facts as maintained in the case of Katie Held. The final orders in the two cases are identical. After the reception of the testimony above mentioned of the petitioner, the petitioner's counsel made the following motion, viz.: "I move for judgment on the pleadings, on the admission of the defendants' counsel that this man is the landlord. The Court: The motion for judgment on the pleadings in both of these cases is granted. I am of the opinion that this answer is no answer at all in these proceedings. (Exception by tenant's counsel.)" The appeal raises two questions: First, the alleged insufficiency of the description of the petitioner's interest in the premises; and, second, the alleged error of the court in the ruling upon the effect of the tenant's answer. We will first consider the latter assignment of error.

The answer denies each and every allegation in the landlord's petition contained, except the alleged possession and occupancy of the premises by the tenant. As a special defense, the answer then alleges that Isaac Fox was the owner of the premises, but was not entitled to the possession of the premises or to the rents, but that one Mendelsohn was the lessee to whom the rent had been duly paid; and that, Mendelsohn not having been made a party to the proceedings, the court had no jurisdiction to make final orders upon the facts presented by the pleadings. We think it was error to hold that the answer in the proceedings did not put the petitioner to his proof as to any of the allegations set forth in his petition. It cannot be said that the

answer admitted that the petitioner was the landlord; and, if the testimony of the petitioner that he was the owner and landlord had established that fact, it did not establish other facts not admitted by the answer, and essential to the petitioner's success, to wit, the relation of landlord and tenant between himself and the alleged tenants, and the indebtedness for rent. The answer denied that any rent was due, and no testimony whatever was given or offered on this point. In setting up the special defense in the answer, the tenant did allege that Isaac Fox was the owner of the premises. This did not affect the force of the denial of the allegations contained in the petition, nor relieve the petitioner from the burden of proving the controverted allegations essential to his success. The inconsistency between the different defenses did not invalidate the answer as to any particular one. The tenant was entitled to rely upon her general denial, and abandon her separate defense, if she so elected to do. We think the issue as to the tenancy and the rent due, tendered by the petition, was accepted by the answer, and put the petitioner to his proof of the same. The allegations by the tenant in the portion of the answer setting up a separate defense were not in aid of the petitioner's case, and relieved him of no burden. See Balmford v. Grand Lodge, 19 Misc. Rep. 1, 42 N. Y. Supp. 881, and cases cited. The statement by the petitioner in the alternative, that he was "the lessee or landlord" was manifestly a clerical error, which worked no injury to the tenants; and we think the judge was warranted in treating the word "lessee" as surplusage, and striking it from the petition. There was a sufficient description of petitioner's interest to confer jurisdiction upon the court.

On account of the error of the court in holding that the answer raised no issues calling for proof on the part of the petitioner, the final order should be reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.