## ROGERS v. SATTLER.

(Supreme Court, Appellate Term. June 28, 1899.)

LANDLORD AND TENANT—SUMMARY PROCEEDINGS—AMENDMENT.

A petition in summary proceedings verified March 29th alleged that the tenant had defaulted for three months' rent from January 1st to April 1st. *Held*, that it was proper to allow petitioner to correct the clerical error by substituting "March" for "April," under Code Civ. Proc. §§ 723, 3347, subd. 6, relating to amendments.

Appeal from municipal court, borough of Manhattan, Fifth district.

Summary proceedings by Theodore S. Rogers, landlord, against Isidor Sattler, tenant. From a final order in favor of petitioner, the tenant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Joseph Koch, for appellant.
George B. Covington, for respondent.

LEVENTRITT, J. This is an appeal from a final order in summary proceedings directing the removal of the tenant from No. 625 East Fifth street, in the city of New York. It appeared by the petition that the tenant had defaulted "for three months' rent of the said premises before described, to wit, "from the 1st day of January, 1899, to the 1st day of April, 1899." Upon the trial the petitioner proved that January, February, and March were the three months referred to. The petition having been verified on the 29th of March, when the April rent was not yet due, a motion was made to amend the petition by substituting the word "March" for the word "April." The tenant claims that the allowance of the amendment was reversible error. That is a mistaken view. Every fact necessary to confer jurisdiction is clearly set out in the petition. While the court is without power to amend in a particular essential to confer jurisdiction, yet that, having once attached, the liberal provisions of the Code should apply to all subsequent proceedings. Code Civ. Proc. §§ 723, 3347, subd. 6; Fox v. Held, 24 Misc. Rep. 184, 52 N. Y. Supp. 724. Especially is this true where, as in this instance, the amendment involves the rectification of a mere clerical error. The default in the payment of rent is correctly alleged to have covered a period of three months from a specified date, which clearly terminated on March 1st, but which, by misstatement, was made to read "April 1st." It would

be straining the principles of construction to declare incurable by
amendment such an obvious and immaterial oversight. The other
objections urged being frivolous, the order must be affirmed.

Order affirmed, with costs to the respondent. All concur.