(37 Misc. Rep. 480.)

### ENGEL–HELLER CO. v. HENRY ELIAS BREWING CO.

(Supreme Court, Appellate Term.  March, 1902.)

1. APPEAL FROM GENERAL TERM—NOTICE.
    A notice of appeal is not defective because the judgment of affirmance is referred to as for a certain amount, which represents the costs only, where it is clearly shown by the notice that the judgment appealed from is the judgment of affirmance by the general term, and the appeal is taken generally, without limitation as to the matter of costs.

2. ACTION FOR RENT—DEMAND.
    In an action for rent, where the petition alleged a "demand," a personal demand could be established, and the statutory requirement of Code Civ. Proc. § 2231, subd. 2, that the petition shall allege a "demand," to bring the case within the jurisdiction of the court, was complied with.

3. SAME—PETITION—SUFFICIENCY.
    A petition in summary proceedings under Code Civ. Proc. § 2235, must describe the petitioner's interest in the property, and an allegation that petitioner is the landlord of defendant in respect to the premises now occupied by him is insufficient.

Appeal from city court of New York.

Action by the Engel-Heller Company against the Henry Elias Brewing Company. From an affirmance by the general term (74 N. Y. Supp. 934) of a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Paskusz & Cohen (Martin Paskusz and William S. Gordon, of counsel), for appellant.

Dittenhoefer, Gerber & Jones (David Gerber, of counsel), for respondent.

GIEGERICH, J.  The point made by the respondent, that the notice of appeal is defective because the judgment of affirmance is referred to as for a certain amount, which represents the costs only, does not present any substantial ground for the dismissal of the appeal.  Whether identified by the amount of costs awarded

or not, the judgment appealed from is clearly shown by the notice to be the judgment of affirmance, and the appeal is taken generally, without limitation as to the matter of costs. The question presented is whether the court below properly received the record of certain dispossess proceedings as conclusive proof of the fact that this defendant, the assignee of the lease in suit, entered into possession of the premises and became chargeable with the rent. When offered in evidence, this record was objected to on certain grounds, which may not have afforded sufficient ground for its rejection; but since the evidence thus received was relied upon by the plaintiff as conclusive proof, and was thus used to justify the court's ruling in excluding all evidence offered by the defendant, its value as proof is to be determined without restriction to the grounds of objection specified by the defendant when the papers were offered. Several of the exceptions taken present the question whether this record was or was not conclusive as an adjudication generally, and thus sufficient to justify the exclusion of the evidence to the contrary of the matters therein stated.

Upon familiar principles, the jurisdiction of the municipal court of the city of New York to make the final order and to issue the dispossess warrant, as between the parties, was not to be presumed, but was to be supported, if at all, by the facts appearing in the record, so far as they were matters which were made by law essential to the jurisdiction, and any jurisdictional infirmity may, of course, be availed of by the party when the record is sought to be used as evidence against him. Marchand v. Haber, 16 Misc. Rep. 319, 321, 37 N. Y. Supp. 950; Nemetty v. Naylor, 100 N. Y. 562, 567, 3 N. E. 497.

So far as the record failed to show that a personal demand for the rent had been proven, we do not think that a defect was presented. The petition alleged a demand, and under this allegation a personal demand could readily be established. Zinsser v. Herrman, 23 Misc. Rep. 645, 647, 52 N. Y. Supp. 107. The record does not negative the possibility that proof was given, upon the return of the precept, showing a personal demand, but this proof was not a necessary part of the record itself, and the statute was complied with, for the purposes of the presentation of a case within the jurisdiction of the court, by the allegation that a "demand" was made. Code Civ. Proc. § 2231, subd. 2.

The cases cited by the appellant had to do with the sufficiency of the evidence presented by the petition or otherwise, where the facts were necessarily before the court for review, and the matter decided had reference, not to jurisdictional allegations, but to the sufficiency of the proof. Tolman v. Heading, 11 App. Div. 264, 42 N. Y. Supp. 217; Boyd v. Milone, 24 Misc. Rep. 734, 53 N. Y. Supp. 785; Zinsser v. Herrman, supra. We think, however, that these summary proceedings, which resulted in a final order on default, were defective, and that jurisdiction was not acquired, for the reason that the petition failed to set forth the interest of the petitioner in the premises which were the subject of the proceedings. The description of the petitioner's interest is an essential part of

the petition, within the requirements of the Code, whether the proceeding be founded on nonpayment of rent or for forcible entry and detainer. Code Civ. Proc. § 2235. The mere allegation that the "petitioner is the landlord of Samuel Levy and the Henry Elias Brewing Company, in respect to the premises now in the occupation of the said Henry Elias Brewing Company, tenant," does not conform to this requirement. It is not a statement that the petitioner is the owner of the premises, so far as the term "landlord" may be taken as synonymous with "owner" (2 Bouv. Law Dict. [Rawley's Rev.] 115); but it is a mere allegation of the relations of the parties, without setting forth, actually or by inference, a description of the petitioner's interest in the premises involved in the proceeding. Fuchs v. Cohen, 19 N. Y. Supp. 236. See Potter v. Society, 23 Misc. Rep. 671, 52 N. Y. Supp. 294; Ross v. Same, 23 Misc. Rep. 683, 52 N. Y. Supp. 303.

We must hold, therefore, that error is presented by the exceptions taken to the exclusion of material evidence offered by the defendant at the trial, and that the judgment appealed from should be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.