(38 Misc. Rep. 790.)

## CRAM et al. v. DIETRICH.

(Supreme Court, Appellate Term.   June. 1902.)

1. LANDLORD AND TENANT—PROCEEDING TO DISPOSSESS—PETITION—JURISDIC-
     TION.
       A description of petitioner's interests being, under Code Civ. Proc.
     § 2235, an essential part of a petition to dispossess the tenant, a petition
     by H., describing himself as one of the trustees under the will of C.,
     but not claiming to be the owner, landlord, or agent of the landlord
     respecting the premises, and alleging that when the lease was made
     J. was the sole surviving executor and trustee under the will of C.,
     and was one of the owners of the fee of the premises, does not show
     that H. has any interest in the premises, and is insufficient to give juris-
     diction; it not necessarily following that because, subsequent to execu-
     tion of the lease, H. also became a trustee under the will of C., the
     two trustees are trustees of the same properties or estates, or that they
     have similar interests.

Appeal from municipal court, borough of Manhattan, Eleventh dis-
trict.

Proceeding by J. Sergeant Cram and another, trustees under the
will of Henry A. Cram, deceased, against Philip Dietrich. From an
order both parties appeal.   Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and
MacLEAN, JJ.

G. E. Weller, for plaintiffs.
S. Lachman, for defendant.

PER CURIAM.   This proceeding was brought to dispossess Philip
Dietrich, a tenant, from certain premises at the northeast corner of
7th avenue and 110th street, in the borough of Manhattan.   There are
two appeals before us, one by the tenant from a final order awarding
to the above-named landlords possession of said premises, and the
other by said landlords from an order made herein denying their mo-
tion  to amend their aforesaid final order.   It was stipulated that the
two appeals should be heard simultaneously and upon one record.
The defect in the final order, which the landlord sought to correct by
motion to amend, consists of an erroneous statement of the ground
upon which the trial justice awarded to the landlords possession of the
property.   The petition sets forth, as grounds for the proceedings, the
nonpayment of rent, and also the nonpayment of water taxes.   The
rent due from tenant was duly paid into court, and has been accepted
by the landlords, so that the award of possession to the landlords can-
not rest upon nonpayment of rent.   The final order should have stated,
as the ground for the award, the tenant's default in payment of the
water taxes.   At the conclusion of the argument on appeal, however,
it was consented that the appeal from the order denying the motion to
amend the final order should be dismissed.   We have, therefore, be-
fore us for consideration only the appeal of the tenant from the final
order.

We think that the claim of the tenant that the court did not acquire
jurisdiction of the proceedings by reason of a defect in the petition
is well taken.   The petition is made by J. Woodward Haven, who de-

scribes himself as one of the trustees under the last will and testament of Henry A. Cram, deceased. The petitioner does not claim to be either the owner, the landlord, or the agent of the landlord, respecting these premises. It is alleged in the petition that on the dates when the leases in question were made John Sergeant Cram was the sole surviving executor and trustee under the last will and testament of Henry A. Cram, and was one of the owners of the fee of the premises affected by these proceedings. Who the other owners were at that time, if any, does not appear. The petitioner could not have been one, for he was not trustee at that time. So far as appears from the petition, it must be said that the ownership of the premises was at all times in John Sergeant Cram, and not in the petitioner. From the mere fact that, subsequent to the making of the lease, the petitioner became also a trustee under the last will of Henry A. Cram, it does not necessarily follow that the said two trustees are trustees of the same properties or estates, or that they have similar interests. It does not appear from the petition that J. Woodward Haven has any interest whatever in the particular premises in question, either as owner, trustee, or landlord. Of whatever property the said J. Woodward Haven may be trustee under the last will and testament aforesaid, the petitioner does not show whether he is trustee in title or of a power. For these reasons the court below was without jurisdiction to make any final order in these proceedings. A description of the petitioner's interests is an essential part of the petition. Code, § 2235; Engel, Heller Co. v. Henry Elias Brewing Co., 37 Misc. Rep. 480, 75 N. Y. Supp. 1080. The tenant was not too late in availing himself of the jurisdictional infirmity. Objection to the jurisdiction of the subject-matter may be raised at any time, and even for the first time on appeal. Potter v. Society, 23 Misc. Rep. 671, 52 N. Y. Supp. 294.

Having reached the foregoing conclusion, it is unnecessary to discuss the other points raised by the tenant. We may add, however, that, were it not for the jurisdictional objection, we incline to the opinion that the final order is defective, and should not be allowed to stand, as it is inconsistent with the record in setting forth the grounds upon which it was granted. The final order awarding to the landlords possession of the premises must be reversed, and the order denying the motion for leave to amend the final order must be affirmed. Under the circumstances, no costs are awarded to either party.

Final order reversed, and order denying motion for leave to amend affirmed. No costs.