### LOFT v. KAZIZ.

(Supreme Court, Appellate Term. June 22, 1903.)

1. SUMMARY PROCEEDINGS FOR LAND—PETITION.
   Under Code Civ. Proc. § 2235, requiring the petition in a summary proceeding for land to describe the interest therein of petitioner, stating the facts, an averment that he is the lessee, and as such is the landlord, of the premises, is insufficient.

   Truax, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Summary proceedings by George W. Loft against Demetrius Kaziz. From a final order awarding possession to petitioner, defendant appeals. Reversed. See 80 N. Y. Supp. 1015.

Argued before FREEDMAN, P. J., and TRUAX and GILDER-SLEEVE, JJ.

Blandy, Mooney & Shipman (Andrew J. Shipman, of counsel), for appellant.

John P. Everett (Alexander Brough, of counsel), for respondent.

FREEDMAN, P. J. The appeal in these proceedings attacks the sufficiency of the allegations in the petition upon the ground that it fails to comply with section 2235 of the Code of Civil Procedure, in that it fails properly to describe the "interest therein of the petitioner" in the demised premises. The petition contains only the averment that "the petitioner is the lessee, and that as such he is the landlord of the demised premises." Section 2235, supra, requires that the applicant shall present a petition "describing the premises and the interest therein of the petitioner, stating the facts." Under that section there is now no distinction regarding the description of the petitioner's interest in the premises, whether the proceedings are founded upon forcible entry and detainer, for nonpayment of rent, or for a holding over. Engel, Heller Co. v. Elias Brewing Co., 37 Misc. Rep. 480, 75 N. Y. Supp. 1080. It was held in the above-cited case that the mere allegation that the petitioner "is the landlord" was not sufficient to confer jurisdiction upon the Municipal Court in proceedings of this character; neither does the additional statement contained in the petition that the petitioner is "the lessee of the demised premises," etc., strengthen the respondent's position nor cure its defective statements. Nothing is shown by such averment that he is entitled thereby to the possession of the premises, and it is merely an allegation of an interest in the premises, but not a description of the petitioner's interest. Fuchs v. Cohen (Com. Pl.) 19 N. Y. Supp. 236. In Fox v. Held, 24 Misc. Rep. 184, 52 N. Y. Supp. 724, it was held that the word "lessee" is merely descriptio personæ, and may be regarded as surplusage. At the most, until a further statement of facts, it would only mean that the petitioner was a tenant, and in the absence of further explanation would not confer upon him a right to institute these proceedings. The court below was without jurisdiction to make a final order in the premises.

Objection to jurisdiction can be raised at any time. Cram v. Dietrich, 38 Misc. Rep. 791, 78 N. Y. Supp. 948.

Final order reversed, with costs.

GILDERSLEEVE, J., concurs.

TRUAX, J. I do not concur. Section 2235 of the Code of Civil Procedure says that an application for the removal of a person from real property, as prescribed in title 2 of chapter 17 of the Code of Civil Procedure, may be made by the landlord of the demised premises, and that "the applicant must present to the judge * * * a written petition * * * describing the interest therein" of the petitioner. The petition in this case describes the petitioner as the "landlord" of the demised premises. This is, I think, a sufficient description of the interest of the petitioner in the premises mentioned in

the petition, and is the description required by the above-mentioned section of the Code. In fact, the petitioner has used the very word, "landlord," required by the Code in describing his interest in the premises of which possession is claimed. A landlord is the person whose lands are occupied, and, when the petitioner herein said that he was the landlord, he in effect said that he was the person whose lands were occupied. I am unable to reconcile Fox v. Held, 24 Misc. Rep. 184, 52 N. Y. Supp. 724, and Engle-Heller Co. v. Henry Elias Brewing Co., 37 Misc. Rep. 480, 75 N. Y. Supp. 1080. Moreover, the tenant, Demetrius Kaziz, admitted in his answer that he had entered into an agreement (of leasing) "with George W. Loft, the landlord of the premises mentioned and described in the petition." This admission concludes the defendant.

To my opinion, the order appealed from should be affirmed, with costs.