Louis SCHLAICH, Appellant, v. NATHAN B. BLUM et al., Respondents.

(Supreme Court, Appellate Term, December, 1903.)

Summary proceedings in the Municipal Court of the city of New York — Landlord must be entitled to possession — Defense of a conspiracy to prevent the renewal of a sublease—Undertenants must be parties.

In proceedings taken in the Municipal Court of the city of New York by the agent of the present owners of premises to dispossess one Blum, a subtenant, for holding over his term, it appeared that the original owner let the stores of the premises to a firm for two years and that the firm, in subletting to Blum, agreed in writing that if they took a further lease they would renew his sublease for a like term. Before the end of the term, the original lessor having died, the succeeding owners gave a new lease for three years to one Barnard, which the firm voluntarily guaranteed, and Barnard then gave the firm a verbal lease for an indefinite time on monthly payments, the firm and Blum continuing at all times in possession. The firm refused, after the new lease went into effect, to accept rent from Blum and he claimed and the evidence tended to show that the lease to Barnard was the result of a conspiracy, between him, the firm and the present owners, to defeat a renewal of the sublease.

Held, that the present owners could not maintain the proceedings as they were not in possession and the firm was, under Barnard.

That the said Municipal Court could entertain, and receive evidence in support of, the subtenant's defense of a conspiracy.

That the firm were, as undertenants, necessary parties to the proceedings and that it was erroneous to have omitted them.

APPEAL by plaintiff from a final order in summary proceedings of the Municipal Court of the city of New York, first district, borough of Manhattan, in favor of the occupants.

Winston H. Hagen (Edward B. Whitney, of counsel), for landlord-appellant.

Blandy, Mooney & Shipman (Andrew J. Shipman and Charles T. B. Rowe, of counsel), for Blum, occupant-respondent.

Laurence A. Sullivan, for Levy, occupant-respondent.

BLANCHARD, J.   This is an appeal from a final order of a Municipal Court of the city of New York in favor of the occupants, the respondents, in summary proceedings to recover possession of real property.   The proceedings were instituted by the petitioner, Schlaich, as agent of the owners of the property under and by virtue of section 2231, subd. 1, of the Code of Civil Procedure.   The respondents Blum and Levy are subtenants.

The material facts established by the evidence are as follows:   In November, 1900, Mary W. Hamilton, owning a life estate in the premises 455 and 457 Broadway, in the city of New York, by lease in writing rented the stores of said premises to Belding Brothers & Co., for the term of two years, from February 1, 1901.   On January 4, 1901, the said tenants, Belding Brothers & Co., by written lease sublet to the respondent Blum a portion of the demised premises for the same term, namely, two years from February 1, 1901.

This sublease contains an agreement on the part of Belding Brothers & Co., that in the event of their " taking a new and further lease " of the demised premises for a further term, at the end of the term of their original lease, they would renew the sublease to Blum for a like term at a rental of $3,250 per annum.

The tenants and subtenants went into possession of the

demised premises under their respective leases, and have remained in continuous occupation thereof to the present time.

The respondent Levy is a subtenant of Blum.

On or about October 7, 1902, the present owners of the premises, being the persons entitled thereto by virtue of the wills of James A. Hamilton and his widow, the said Mary W. Hamilton, executed and delivered to W. H. Barnard a lease of the same premises described in the former lease to Belding Brothers & Co., for a term of three years from February 1, 1903. The performance of the covenants of this lease was guaranteed by Belding Brothers & Co., and they continued to occupy the premises as under their former lease, except that Barnard has some twenty-five bales of silk stored in the basement. Barnard has paid rent monthly to the owners since February, 1903, but with a condition attached, in writing, to the payments as follows: " I give you notice that inasmuch as possession has not been delivered to me of the whole of the premises I hereby reserve my right of claim or counterclaim which I may have against the lessors of said premises by reason of said failure to put me in complete possession."

Belding Brothers & Co. have continued in the possession and occupation of the same premises, occupied by them under their former lease, by virtue of a verbal letting from Barnard, and they pay him rent monthly.

No written lease has been executed between Belding Brothers & Co. and Barnard, and no definite term of the former's right to occupy the premises appears to have been agreed upon between them and Barnard. The respondent Blum has tendered his rent each month since February 1, 1903, to Belding Brothers & Co., and they have declined to accept it. The owners claim the right to recover possession upon the ground that the respondents are holding over after the expiration of their term.

The respondents claim the right to retain possession, and interpose several defenses, among them being that the proceedings are fatally defective in that it appears that the original tenants, Belding Brothers & Co., are still in possession; that the lease to Barnard was the result of a col-

lusive scheme between the owners, Belding Brothers & Co., and Barnard, to defeat the right of the respondent Blum to a renewal; that the lease to Barnard is in fact a lease to Belding Brothers & Co., and that the relation of landlord and tenant has not been shown to exist between the owners and the respondents as required by section 2231 of the Code of Civil Procedure.

Those several defenses may be conveniently discussed together.

The evidence clearly shows, and, indeed, it appears to be substantially admitted, that the lease to Barnard was for the express purpose of defeating the right of the subtenant, Blum, to a renewal from Belding Brothers & Co., by virtue of the agreement therefor contained in their lease to Blum, which expired February 1, 1903. Belding Brothers & Co. appear to be the real parties interested as tenants in the premises by virtue of the lease to Barnard. They voluntarily, without even Barnard's request or knowledge, guaranteed the performance by Barnard of the covenants of the lease, thereby practically relieving him from any actual liability or responsibility as tenant.

Their possession has been continuous. The trial court probably took this view from the evidence, and in that view we concur.

It is, therefore, difficult to conceive what interest the owners had in bringing this proceeding unless it was for the purpose of helping Belding Brothers & Co., their real tenant, to get rid of Blum, the subtenant, who was in possession by virtue of the covenant of his lease giving to him a right of renewal of his term. Kelly v. Varnes, 52 App. Div. 100; Hausauer v. Dahlman, 18 id. 475–478.

They are not entitled to possession of the premises, having given up their right of possession to Barnard, who has paid his rent and given possession to Belding Brothers & Co., who, in turn, have paid the rent to him.

Summary proceedings are for the benefit of the landlord who is entitled to possession, and to afford him a sure and expeditious method of recovering possession. The owners here do not come within this class.

Belding Brothers & Co. are not only in possession with the consent of the landlords, but appear to be their real tenant. It should be clearly understood, however, that in arriving at this conclusion, it is not the purpose or intention of this court to pass upon or decide any of the claims which may exist outside of these proceedings in favor of any of the parties by virtue of the lease to Barnard. Our conclusion here is to be confined solely to the fact that Belding Brothers & Co. appear to be, for the purposes of this proceeding, and as indicated by the evidence, in possession of the premises with the consent of the landlords, and that such possession has been continuous. The respondents in their answer allege that the lease to Barnard, and the renting by him, in turn, to Belding Brothers & Co., were the result of a wrongful conspiracy between the owners, Belding Brothers & Co., and Barnard, which had for its purpose the destruction of the respondent Blum's right to continued possession under the covenant of renewal as provided in his lease from Belding Brothers & Co., which expired February 1, 1903.

The issue thus raised was not addressed to the equitable side of the law at all.

It was an alleged fact applied in defense, to be determined by the court, as it might have been by a jury, and evidence of the different transactions between the parties in furtherance of the alleged conspiracy was properly received to sustain the respondents' claim that the owners were not entitled to possession. Fox v. Held, 24 Misc. Rep. 184. It may also be said that while the Municipal Court has no jurisdiction to grant affirmative relief in the form of judgment based upon an equitable defense interposed by a respondent in a summary proceeding, it has the right to entertain an equitable defense in such a proceeding, and to receive evidence in support of it.

Its final judgment must either sustain or deny the petitioner's claim to the right of possession, and provide for its enforcement. Rogers v. Earl, 5 Misc. Rep. 164.

It can go no further. In any event, so long as Belding Brothers & Co. remain in possession, these proceedings cannot be maintained against the respondents.

Surrogate's Court, Saratoga County, December, 1903.    [Vol. 42.

Belding Brothers & Co. are necessary parties to the proceeding.  Croft v. King, 8 Daly, 265.

The authorities cited by appellant's counsel to the contrary do not support their contention.

In Goelet v. Roe, 14 Misc. Rep. 28, the superior tenant was made a party to the proceeding.

In Ward v. Burgher, 90 Hun, 540, it appears that the renting had been to a club, the premises to be occupied, however, by the defendant who was an employee of the club.

The undertenant was in possession, not the tenant.  In the case at bar, the superior tenant is in possession with the consent of the landlord, and by virtue of a lease which it was conceded was actually made to them.

Order appealed from should be affirmed, with costs.

FREEDMAN, P. J., and BISCHOFF, J., concur.

Order affirmed, with costs.