she should deliver over any of the assets of that estate which had come into her possession or were under control. I think that the order must be reversed, with costs, on the ground that the learned surrogate had jurisdiction, and that the matter should therefore be remitted for a hearing upon the law and the merits.

Order of the Surrogate's Court of Westchester county reversed, with $10 costs and disbursements, and matter remitted for hearing upon the law and the merits. All concur.

---

## FERBER v. APFEL et al.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

1. LANDLORD AND TENANT—RECOVERY OF POSSESSION BY LANDLORD—SUMMARY PROCEEDINGS—PLEADINGS.

A petition in summary proceedings for the possession of land, alleging that the petitioner is the lessee and landlord thereof, is not a sufficient compliance with Code Civ. Proc. § 2235, requiring the petition to state the interest of the petitioner in the premises.

2. SAME—AMENDMENT OF PLEADING.

In summary proceedings for the possession of land, where the only allegation of the petition as to the petitioner's interest in the land was that she was the lessee and landlord thereof, the court was without power to allow an amendment showing her interest; the defect being jurisdictional.

3. SAME—WAIVER.

In summary proceedings for the possession of land, the failure of the petition to state the interest of the petitioner in the land was not waived by an answer admitting that the respondents held the land from the petitioner as their landlord.

4. SAME—AMENDMENT OF PLEADING—EFFECT.

In summary proceedings for the possession of land, where the only evidence of the petitioner's interest in the land was that she was the landlord, an amendment of the petition to conform to the proofs did not cure its failure to allege the interest of the petitioner in the land.

5. SAME—PARTIAL EVICTION OF LESSEE.

The eviction of a tenant from a portion of the leased premises suspends the right of the landlord during the continuance of the partial eviction to maintain summary proceedings for the nonpayment of the rent.

Appeal from Municipal Court, Borough of Queens, Third District.

Action by Sarah Ferber against Adolph Apfel and another. From a judgment in favor of petitioner, respondents appeal. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Alvin C. Cass, for appellants.

John Bogart, for respondent.

RICH, J. This is an appeal from a final order and judgment awarding possession of real property at Rockaway Beach to the respondent after trial of a summary proceeding in the Municipal Court. The appellants contend, first, that the Municipal Court never acquired jurisdiction of the subject-matter, and that its acts in this proceeding are, for that reason, coram non judice; and, second, that the undisputed

evidence established an eviction of the appellants from a portion of the leased premises, which suspended the payment of rent and the remedy of the lessor for the recovery of the possession, based upon the non-payment of rent, by summary proceedings, while the eviction continued.

Section 2235 of the Code of Civil Procedure requires, as a jurisdictional prerequisite to the vesting of jurisdiction of the subject-matter in the Municipal Court, among other things, "the premises of which the possession is claimed, and the interest therein of the petitioner." The only recital in the petition by which this proceeding was instituted of the interest of the petitioner in the premises from which she sought to remove the appellants is that she "is the lessee and landlord" thereof. On the return day of the precept counsel for the appellants, before filing an answer, moved to dismiss the petition upon the ground that such description was not sufficient to confer jurisdiction. The court announced that it would permit an amendment, and an exception was duly taken. The petition was not amended. The appellants answered, admitting that they were in possession of part of the premises described in the petition, "that the same are hired from said landlord by the tenants herein," and that the July installment of rent was unpaid, denied all other allegations contained in the petition, and alleged affirmatively the leasing from an agent of the "landlord" of certain premises, of which that portion from which the respondent sought to remove them in this proceeding was part, her subsequent entry and their continuing eviction by her from a portion of the demised premises, with a counterclaim for rents, amounting to $275, received by the respondent for that portion of the premises from which she had evicted them, and on a later day to which the proceedings were adjourned, after renewing their motion to dismiss upon the ground of the insufficiency of the petition, proceeded to trial.

At the close of the petitioner's evidence counsel for the appellants moved to dismiss the proceeding upon the ground, among others, "that the petition is insufficient, inasmuch as it wholly fails to describe the interest of the petitioner in the premises, as required by section 2235 of the Code," in answer to which the court said, "I will permit an amendment of the petition to that extent, showing her real interest in the premises, but I do not think it is necessary under your answer," and denied the motion, to which ruling an exception was taken. No amendment of the petition was then made. At the close of the case counsel renewed his motion, and asked for judgment for the tenants dismissing the proceeding. The respondent thereupon moved to amend the petition to conform to the proof, which motion was granted.

The petition did not conform to the requirements of the Code. It contains no description of the petitioner's interest in the property. The statement that the petitioner was the lessee and landlord is the assertion merely of an interest, but not a description of such interest. Courts have frequently held that a petition is fatally defective and insufficient to confer jurisdiction which sets up the petitioner's interest as being that of "landlord." Kazis v. Loft (Sup.) 80 N. Y. Supp. 1015; Loft v. Kaziz (Sup.) 84 N. Y. Supp. 228 (in which it was held that an averment that the petitioner was the lessee, and as such the landlord,

and did not meet the Code requirement and was insufficient to confer jurisdiction) ; Engel, Heller Co. v. Henry Elias Brewing Co., 37 Misc. Rep. 480, 75 N. Y. Supp. 1080; Potter v. New York Baptist Mission Society, 23 Misc. Rep. 671, 52 N. Y. Supp. 294; Ross v. Same Defendant, 23 Misc. Rep. 683, 52 N. Y. Supp. 303; Cram and Another as Trustees v. Dietrich, 38 Misc. Rep. 790, 78 N. Y. Supp. 948.

The trial justice evidently recognized the force of the objection, but overruled it upon the theory that the appellants had, by their answer, waived the question of jurisdiction, and that an amendment of the petition would cure the defect nunc pro tunc. In both of these conclusions he was wrong. The defect being jurisdictional, he was without power to allow an amendment (Potter v. New York Baptist Mission Society, supra), and the answer of the appellants did not constitute an admission or waiver, which concluded them or conferred jurisdiction upon the court (Loft v. Kaziz, and Potter v. New York Baptist Mission Society, supra).

Were it to be conceded that an amendment was permissible and would have met the objection interposed, the concession would not aid the respondent; for the petition was not in fact formally amended at any time during the pendency of the proceeding. Although the court several times announced that he would permit an amendment, the respondent did not avail herself of the permission so given. She contented herself with a motion at the close of the evidence to amend her petition so as to conform to the proofs, the granting of which did not change the situation or strengthen her position; for the only evidence of any interest possessed by her in the demised premises contained in the record is that she was the "landlord" in this proceeding, which she had already set forth in her petition. The Municipal Court exceeded its powers in taking cognizance of the proceeding, owing to this fatal jurisdictional defect, and its acts, including the final order and judgment, were without authority of law, and cannot be sustained.

The receipt given the appellants by respondent's agent for the first installment of rent paid was not the contract of leasing between the parties. The contract was oral, and was testified to by the appellants. Their testimony as to the property leased was not disputed or contradicted. It established a leasing of premises a portion of which the respondent had evicted them from, the legal effect of which was to suspend, during the period of its continuance, the right of the respondent to maintain summary proceedings for nonpayment of such rent. Sirey v. Braems, 65 App. Div. 472, 72 N. Y. Supp. 1044; Matter of Hall v. Irvin, 78 App. Div. 107, 79 N. Y. Supp. 614.

It follows that the judgment and final order of the Municipal Court must be reversed, and a new trial ordered; costs to abide the event. All concur; WOODWARD and MILLER, JJ., upon the last ground stated in the opinion.