## EIGHTY WILLIAM ST. BLDG. CO. v. JONES.

(Supreme Court, Appellate Term.　December 11, 1906.)

LANDLORD AND TENANT—DISPOSSESSION—SUMMARY PROCEEDINGS—PROCESS—AMENDMENT.

Where the process in a summary proceeding to dispossess a tenant in the Municipal- Court was insufficient in the first instance to bring the tenant properly within the court's jurisdiction, it was error for the court to permit an amendment thereto under Municipal Court act, authorizing amendments in the interest of justice, etc.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Summary dispossession proceedings by the Eighty William Street Building Company against Holmes Jones.　From a final order in favor of plaintiff, defendant appeals.　Reversed.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

Holmes Jones, for appellant.

Oliver B. Goldsmith, for respondent.

PER CURIAM.　The amendment of the Municipal Court act relied on to support the action of the justice relates to amendments in the interest of justice other, of course, than jurisdictional.　The point raised here is that the process in the first instance did not bring the tenant properly within the jurisdiction, and the amendment allowed was error.　Ferber v. Apfel (Sup.) 99 N. Y. Supp. 215.

Final order reversed, with costs.