THE PEOPLE OF THE STATE OF NEW YORK by LONG ISLAND STATE PARK COMMISSION, Landlord, Appellant, v. MAURICE F. SAVAGE and ANNA V. SAVAGE, Tenants, Respondents. (3 Actions.) Final orders of the County Court of Nassau county (Actions Nos. 1, 2 and 3) awarding tenants, respondents, possession, reversed upon the law and the facts, and final orders in all three actions or proceedings directed in favor of the landlord, appellant, with costs. The conventional relation of landlord and tenant existed between the State, by the Long Island State Park

Commission, and the respondents, and the precise boundaries of the *locus in quo* are immaterial under the well-settled doctrine of estoppel of a tenant to dispute his landlord's title. (*Tilyou* v. *Reynolds*, 108 N. Y. 558, 563; *Farnsworth* v. *Boro Oil & Gas Co.*, 216 id. 40, 46.) The deed from the Seamans to the respondents dated June 19, 1926, is ineffectual as a defense. The claim under the deed is in hostility to the landlord's title and the tenants are estopped from setting it up while continuing in possession. (*Sharpe* v. *Kelley*, 5 Den. 431; *O'Donnell* v. *McIntyre*, 37 Hun, 623, 626; affd., 118 N. Y. 156.) The conventional relation of landlord and tenant passed to the State, and the estoppel against a tenant's denial of his landlord's title is available to the lessor's successor and may be invoked by it in summary proceedings. (*Drake* v. *Cunningham*, 127 App. Div. 79, 81.) It was not necessary for the plaintiff to join as parties defendant the respondents' assignors. (*Stewart* v. *Long Island R. R. Co.*, 102 N. Y. 601, 608; *Woodhull* v. *Rosenthal*, 61 id. 382, 391; *Ward* v. *Burgher*, 90 Hun, 540, 541.) We are furthermore of opinion that the proceedings were properly brought against the tenants, respondents. It rested with the State, in the circumstances of the cases, to determine this status. Nor can the respondents in these proceedings attack the validity of the deed given by the town of Oyster Bay to the State. Lazansky, P. J., Kapper, Hagarty and Davis, JJ., concur; Scudder, J., not voting.