Millard L. Midonick, J.
Landlord brings summary proceedings for possession by reason of nonpayment of rent against Crane and Butta as tenants and against John Ward as “ Under-tenant and/or Assignee ” in possession of commercial premises. On traverse, tenants appeared specially and successfully proved that the precept as served was defective in that it was not a conformed copy. Therefore, the petition is dismissed as against the tenants Crane and Butta, without prejudice.
Ward, on the other hand, defaulted in answering and appearing, and the precept and petition is shown to have been properly served personally upon Ward at the property sought to be recovered.
Because of the express allegations of the petition, Ward does not contest his status as “ Undertenant and/or Assignee.” The attorney for the tenants Crane and Butta testified at the hearing on traverse after Ward defaulted in appearing, that his clients had assigned the lease for these premises to Ward, with the consent of the landlord. Moreover, a person in complete possession is presumed to be the assignee of the tenant. (Goldstein v. Landau, 29 N. Y. S. 2d 20.)
The landlord’s attorney moved in open court at the return date for a final order awarding possession to the landlord against the assignee Ward in possession, withdrawing, without prejudice, the demand for judgment for rent. The attorney for tenants Crane and Butta made no objection to the said motion for a final order awarding possession to the landlord as against such tenants’ assignee in possession.
The court has jurisdiction to make the final order awarding possession to the landlord against the assignee Ward in possession, despite lack of jurisdiction over the persons of the assignors Crane and Butta. (People by Long Is. State Park Comm. v. Savage, 236 App. Div. 745; Ward v. Burgher, 90 Hun 540.) The authority of the above cases cannot be diminished by Stephen Estates v. Kaplan (198 Misc. 948), which is in any event distinguishable on the ground that there an allegation *733 of the petition asserted a violation of the lease by the absent tenant’s assignment to the “occupant” who was the sole named respondent. The court there was concerned with possible injury to the rights of the tenant not made a respondent.
Also distinguishable is the case of Schlaich v. Blum (42 Misc. 225), where the court found that the nonjoined tenant was a necessary party because that tenant was actually in possession. The court expressly distinguished Ward v. Burgher (supra) on the ground that in the latter case, upon which we rely, the “ undertenant was in possession, not the tenant” (p. 230); and the court found that the nonjoined tenant who was in possession, was acting in collusion with the landlord who was not entitled to possession, in order to destroy a covenant of renewal between the undertenant party and the tenant who was not a party.
The evident rationale of these decisions is simply that no harm will be visited upon the rights of a nonjoined tenant so long as he has no part of the possession of the property in question. The final order will not be res judicata against such tenant not a party, and the tenant’s rights can be litigated at his instance in another proceeding. A tenant not in possession is not a necessary or indispensable, although he is of course a proper, party. Where, however, the failure to join a tenant will prejudice the rights of the undertenant, there may be some disposition to require the joinder of the tenant, so that the entire controversy among three parties may be disposed of. The purpose of a summary proceeding is to settle the issue of the right to immediate possession of real property; and if because of the failure to join a tenant, the final order of the court awarding such immediate possession would prejudice the rights to possession of a nonjoined tenant or of any other person, such as an undertenant, then in possession, then the nonjoinder of the tenant will result in the dismissal of the action without prejudice for lack of jurisdiction.
Final order awarding possession to the landlord as against John Ward. Issuance of warrant stayed to and including May 11, 1956.