(83 App. Div. 156.)

ROWLAND v. DILLINGHAM.

(Supreme Court, Appellate Division, Second Department. May 28, 1903.)

1. DISPOSSESSION OF TENANT—PETITION—SUFFICIENCY.
    Where a petition for the removal of a tenant by summary proceedings alleged that the petitioner was the agent of H., who was executor and trustee of E. H., deceased, and that said will empowered the executor to sell all testator's real estate of which she died seised, and to give a sufficient deed to the same, and that petitioner agreed with defendant as tenant, the petition sufficiently stated the interest of the petitioner or the person whom he represented, and the facts authorizing petitioner to remove defendant as tenant from possession, as required by Code Civ. Proc. § 2235.

2. SAME—LANDLORD'S TITLE—DENIAL—ESTOPPEL.
    Where a tenant in summary dispossession proceedings did not deny, but asserted, the relation of landlord and tenant, and testified that at the time of renting the property he knew that the agent represented an executor, he was estopped to allege disability of the executor to rent the premises.

Appeal from Special Term:

Action by E. Everett Rowland against William G. Dillingham. From a final order in summary proceedings dispossessing defendant as a tenant, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Edmund F. Driggs, for appellant.
Albert C. Wheeler, for respondent.

JENKS, J. The applicant for the removal states in the petition that he is the agent for Huntingdon, who is the executor and trustee of the last will and testament of Emma Hart, deceased, and there is postilled a clause from her will as follows: "I hereby authorize and empower my executor hereinafter appointed, as soon as practicable after my death, to sell and dispose of all the real estate of which I may die seised and possessed, and to give good and sufficient deeds of the same." The applicant also states that he entered into an agreement with the defendant as tenant. I think that this is sufficient allegation of "the interest of the petitioner, or the person whom he represents," and statement of "the facts which, according to the provisions of this title, authorize the application of the petitioner and the removal of the person in possession," as required by section 2235 of the Code of Civil Procedure.

The defendant raises a jurisdictional question, based upon the alleged disability of the executor and trustee to rent the premises. The defendant does not deny, but asserts, the relation of landlord and tenant, and it is clear, even upon his testimony, that he knew at the time of the renting that the agent represented an executor. Therefore I think that he is estopped from denial of the title of his landlord. People ex rel. Ward v. Kelsey, 38 Barb. 269; Tilyou v. Reynolds, 108 N. Y. 558, 15 N. E. 534; Mayor, etc., of N. Y. v. Sonneborn, 113 N. Y. 423, 21 N. E. 121; Woodfall, Landlord & Tenant (Am. Ed.) 214. The question as to the term was sharply contested, but I think that there is no warrant for disturbing the finding of fact in favor of the plaintiff.

The judgment should be affirmed, with costs. All concur.