MYER v. ABBETT et al.

(Supreme Court, Appellate Division, First Department. June 16, 1905.)

1. FIDUCIARY RELATIONS—PRINCIPAL AND AGENT—ACCOUNTING—ACTION FOR —PARTICULARITY REQUIRED.
    Where plaintiff individually, and as trustee under her deceased husband's will, appointed defendant and his deceased partner as her agents and attorneys to manage her personal property. or the. property of the estate, they were in no sense trustees of any property to which plaintiff was entitled, and on an accounting it was not essential that each item of payment by the firm should be proved with the particularity required of a trustee receiving property and holding it in trust for beneficiaries.

2. SAME—BURDEN OF PROOF.
    Where payments to plaintiff or by her direction were established by. an accounting from time to time between her and her attorneys, and the accounts were accepted, and thus became in a sense accounts stated, the burden was on plaintiff, in an action for an accounting, of disproving the accuracy thereof.

3. SAME—JUDGMENT—COSTS.
    Though the referee to whom the issues were referred gave plaintiff judgment against the deceased partner's executor for a sum so small as to constitute such a substantial defeat for plaintiff, considering the amount of her claim, as would justify the court in refusing to award her costs, yet as she had a right to an accounting, which was not substantially disputed, and on such accounting a sum was found due her, it was improper to allow costs against her.

Appeal from Judgment on Report of Referee.

Action by Mary H. Myer, individually and as trustee, etc., against Leon Abbett, as executor, etc., of Leon Abbett, deceased, and another. From a judgment entered on report of a referee, plaintiff appeals. Modified, and, as modified, affirmed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

Edward W. S. Johnson, for appellant.

Leon Abbett, for respondent Leon Abbett, executor, etc.

Frederick H. Man, for respondent executor, etc., of William J. A. Fuller, deceased.

INGRAHAM, J. This case was originally brought against Leon Abbett, individually and as survivor of a copartnership of Abbett & Fuller, who had acted as attorneys in fact for the plaintiff, and against the executor of William J. A. Fuller, deceased, a member of that copartnership, to obtain an accounting from the firm of Abbett & Fuller and the estate of William J. A. Fuller. After the commencement of the action Leon Abbett died, and his personal representatives were substituted as defendants. The action being at issue, it was referred by consent to a referee to hear and determine the

issues. The referee made his report in favor of the executors of Leon Abbett, and against the executors of Fuller, for $411.60, awarding costs, however, in favor of the executors of Fuller, against the plaintiff; and from the judgment entered thereon the plaintiff appeals.

Upon the hearing before the referee the defendants filed their accounts, to which the plaintiff filed upwards of 300 objections. These objections, with one exception, were overruled by the referee, and upon this appeal the plaintiff seeks to reverse the ruling of the referee as to these exceptions. It would be manifestly impossible for the court in determining this case to discuss each of these exceptions, and it will not be attempted. It is sufficient to say that we have considered the argument of the learned counsel for the appellant, and are satisfied that by the report of the referee substantial justice had been done. Nor shall we attempt to discuss the exceptions to rulings upon evidence, as we think that no error has been committed which would justify a reversal of the judgment. We will only call attention to one or two legal principles which we consider should be applied to indicate the views that we have taken in disposing of this appeal.

Abbett & Fuller were attorneys and counselors at law, practicing in the city of New York, and on the 6th day of November, 1881, Clark L. Sharpsteen, a resident of New York, died in the city of Paris, France, leaving the plaintiff, his widow, and one child, the defendant Mary H. Sharpsteen, his only next of kin, and also leaving a last will and testament, which was duly admitted to probate by the surrogate of the county of New York, in which he appointed the plaintiff executrix. Other executors were appointed, one of whom did not qualify. The other qualified, but shortly afterwards resigned and was discharged. There was bequeathed to the plaintiff individually the sum of $200,000, and the rest, residue, and remainder of the estate was bequeathed to the executors, in trust, to apply $8,000 per year to the support, maintenance, and education of his daughter; the balance of the income of the trust property to be accumulated until his daughter arrived at the age of 21 years, when the residue of his estate, with accumulations of interest, was to be paid to her. After the admission of this will to probate, the plaintiff appears to have made a contract with William J. A. Fuller by which he was employed as counsel to advise with her, and, as her agent, to superintend all matters connected with the estate for the term of four years, at the compensation of $3,000 per year. She had also been appointed guardian of her child, and Mr. Fuller undertook to look after her affairs as guardian. On the 28th of December, 1883, the plaintiff executed a power of attorney by which she individually, and as trustee under the last will and testament of Clark L. Sharpsteen, deceased, appointed "either Leon Abbett, William J. A. Fuller, or the firm of Abbett & Fuller" her true and lawful agents and attorneys to manage her personal property or the property of the estate, and this relation existed until the death of Mr. Fuller on the 11th of March, 1889, after which time Leon Abbett seems to have acted under the power of attorney until No-

vember, 1890, when the plaintiff revoked and canceled the power of attorney, and then demanded an accounting, and this action was commenced on April 24, 1891, for that purpose.

The relation that existed between the plaintiff and the defendants was that of principal and agent. The defendants were not in any sense trustees of any property to which the plaintiff was entitled. While the relation was undoubtedly confidential and fiduciary in its nature, on this accounting it was not essential that each item of payment should be proved with the particularity required of a trustee who has received the property and held it in trust for beneficiaries. The property that had been received by the attorneys, belonging to the plaintiff, either individually or as executrix or trustee under the will of her husband, was directly payable to the plaintiff, and any payment to her or by her direction discharged her attorney from liability for such payment, and such payments could be satisfactorily established by an accounting from time to time between the attorneys and their principal where the accounts were accepted as correct. Where such accountings were had and accepted, and thus became in a sense accounts stated, the burden was upon the plaintiff of disproving the accuracy of the accounts thus assented to, and not upon the attorney to prove that the accounts which had been accepted and stated were correct. It is in considering the testimony in this aspect that we think the referee's conclusion was amply sustained by the evidence. We think it is clearly established that Mr. Fuller from time to time accounted to the plaintiff for all the money that he had received, acting as the plaintiff's attorney in fact, except possibly the small amount that was found by the referee as having been charged against the plaintiff twice by an error. It is quite true that in view of the method adopted by Mr. Fuller in keeping account of money that he had received for the plaintiff, and the method adopted by the plaintiff in calling upon Mr. Fuller to make payments for her of every conceivable kind out of the property in his hands or which he was to procure belonging to her, would render it somewhat difficult to prove each particular payment by competent evidence after Mr. Fuller's death; but we think the evidence before the referee in connection with these periodical accountings, which were submitted to and accepted by the plaintiff as correct, justified the referee in finding that the defendants had accounted to the plaintiff for all property that had come into the hands of Abbett & Fuller during the continuance of the relation that existed between them and the plaintiff, and, as we have concluded that the referee's report was sustained by the evidence before him, we would not be justified in reversing the judgment entered thereon.

There is, however, one provision of the judgment that must be modified. The referee awarded to the plaintiff a judgment for $411.60 against the executors of Fuller; but at the same time awarded Fuller's executor a judgment for costs against the plaintiff which amounted to $1,258.05. We do not think this award of costs can be sustained. It has been found by the referee that upon the ac-

counting there was due to the plaintiff from the estate of Fuller the sum of $411.60, for which the plaintiff was entitled to a judgment. Considering the amount of the plaintiff's claim, this was a substantial defeat of the plaintiff, and would justify the court in refusing to award her costs; but as she had a right to an accounting, which was not substantially disputed, and upon that accounting a sum of money was found to be due to the plaintiff from the estate of Fuller, we think it was improper to allow costs to Fuller's estate against the plaintiff.

It follows that the judgment should be modified by striking out the award of costs to the defendant Fuller, and, as thus modified, it should be affirmed, with costs in favor of the defendant Abbett, as executor, against the plaintiff, and without costs as to the defendant Fuller. All concur.