(58 Misc. Rep. 215.)

### SLATER v. WATERSON & LAW AMUSEMENT CO. et al.

(Supreme Court, Appellate Term. March 5, 1908.)

LANDLORD AND TENANT—SUMMARY PROCEEDINGS—PETITION—SUFFICIENCY—PE-
TITIONER'S INTEREST.

Under Code Civ. Proc. § 2235, authorizing proceedings by a landlord
to recover possession of demised premises, and requiring the petition to de-
scribe petitioner's interest, a petition alleging that petitioner made an agree-
ment with the adverse party whereby he let and such party hired the
premises for a specified annual rental, sufficiently describes the petition-
er's interest as that of landlord, since one who has entered into possession
of premises under an agreement to pay rent therefor is estopped to dis-
pute his lessor's title, and the derivation of petitioner's title or right to
make the lease is not requisite to the court's jurisdiction; the statutory
requirement for such description meaning merely that the petition must
present a case within the section, showing that petitioner's interest is
that of landlord or lessor, etc.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and
Tenant, § 1308.]

Appeal from Municipal Court, Borough of Manhattan, Sixth Dis-
trict.

Summary proceedings by James Slater against Waterson & Law
Amusement Company, impleaded, etc., to recover possession of
demised premises. From a final order in favor of the landlord, the
tenant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and
MacLEAN, JJ.

Max D. Josephson, for appellant.
Morris A. Tyng, for respondent.

BISCHOFF, J. The burden of this appeal is the alleged error
of the court below in overruling the tenant's objection to its juris-
diction because of the insufficient statement of the petitioner's in-
terest in the premises of which he claimed possession, as required
by Code Civ. Proc. § 2235. The objection was clearly untenable.
The petition set forth that the petitioner entered into an agreement
with the Waterson & Law Amusement Company whereby he let
to and the company hired the premises, and for the use and occupa-
tion thereof promised to pay an annual rental of $15,000 in equal
monthly advance payments of $1,250 each. That this allegation
described the petitioner's interest as that of landlord, entitled to
the reversion upon the tenant's default in his covenant to pay rent,
seems irrefragable.

The Code of Civil Procedure (section 2231) specifies the instances
in which summary proceedings to recover the possession of land
may be maintained, of which the tenant's holding over, without the
permission of the landlord, after a default in the payment of rent,
is one, and particularly authorizes (section 2235) the landlord to
maintain the proceedings in such a case. The requirement of a
description of the petitioner's interest in the premises obviously
means no more than that the petition must present a case within
these provisions; that is to say, it must appear that the petition-

er's interest is that of landlord or lessor, a purchaser upon an execution or foreclosure sale, a person forcibly put out or kept out, a person with whom, as owner, the agreement to cultivate the property upon shares, or for a share of the crops, was made, the owner of such property, the person entitled to the possession of the property intruded into or squatted upon, as the case requires, or the legal representative, agent, or assignee of the landlord, purchaser, or other person, so entitled to maintain the proceeding. One who has entered into possession of premises under an agreement to pay rent therefor is estopped from disputing his lessor's title. The latter's interest is therefore apparent from the agreement, and conclusively so; and the derivation of his title or right to make the lease is not requisite to the jurisdiction of the court. To that effect were the views of the court in Rowland v. Dillingham, 83 App. Div. 156, 82 N. Y. Supp. 470. There the petitioner described himself to be the agent of another, an executor, in whose behalf he had entered into a lease with the person sought to be removed from the premises, and it was held that this was a sufficient compliance with the code requirement above alluded to.

The order appealed from should be affirmed, with costs. All concur.