(61 Misc. Rep. 627.)

## UNDERHILL v. COHEN.

(Supreme Court, Appellate Term. January 8, 1909.)

1. LANDLORD AND TENANT (§ 303*)—SUMMARY PROCEEDINGS FOR POSSESSION—JURISDICTION.

　　A proper description of the petitioner's interest, as required by Code Civ. Proc. § 2235, in summary proceedings for possession, is an essential part of the petition to confer jurisdiction.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1303; Dec. Dig. § 303.*]

2. APPEAL AND ERROR (§ 185*)—JURISDICTION OF SUBJECT-MATTER—WHEN OBJECTION MAY BE RAISED.

　　An objection to the jurisdiction of the subject-matter may be raised at any time, and even for the first time on appeal.

　　[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §.1168; Dec. Dig. § 185.*]

3. LANDLORD AND TENANT (§ 303*)—SUMMARY PROCEEDINGS FOR POSSESSION—JURISDICTION—SUFFICIENCY OF PETITION—"LANDLORD."

　　A description of the petitioner as the "landlord of the premises hereinafter described" is insufficient to confer jurisdiction of summary pro-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceedings for possession, for that does not state that he is the owner so far as the term "landlord" may be taken as synonymous with "owner," but merely alleges the relation of the parties without setting forth a description of the petitioner's interest in the premises.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1303, 1304; Dec. Dig. § 303.\*

For other definitions, see Words and Phrases, vol. 5, pp. 3988, 3989.]

4. LANDLORD AND TENANT (§ 303\*)—SUMMARY PROCEEDINGS FOR POSSESSION—JURISDICTION—SUFFICIENCY OF PETITION.

A petition in summary proceedings for possession of demised premises, which to confer jurisdiction is required, by Code Civ. Proc. § 2235, to describe petitioner's interest in the premises, after reciting that the petitioner was the successor of a certain executor, alleged that the latter made the agreement of lease with defendant in his representative capacity. *Held* that, if the former executor had made the petition, the description of his interest would have been sufficient, and, the petitioner showing that he held exactly the same relation to defendant as his predecessor, defendant was estopped to dispute his title.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1303, 1304; Dec. Dig. § 303.\*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Summary proceedings by George S. Underhill, as executor of William H. Underhill, deceased, against Max Cohen, to recover possession of demised premises. A motion to vacate a final order on the tenant's default was denied, and defendant appeals. Affirmed in part, and reversed in part.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Rosenbluth & Silverman, for appellant.
Alexander V. Campbell, for respondent.

PER CURIAM. The proceedings herein were made returnable in the court below on the 7th day of July, 1908, and a final order was made herein on default of the tenant. On the 8th day of July, 1908, an order to show cause was granted herein, returnable on the 14th day of July, 1908, why an order should not be made vacating and setting aside the final order aforesaid upon the ground that the court had no jurisdiction, and, in case of the denial of the said relief, why an order should not be made vacating the said final order in order to permit the tenant to come in and defend the proceeding on the merits. The motion was denied with $5 costs, and an order was entered thereon. An appeal was taken from said order, and on the 14th day of October, 1908, an amended order denying said motion was entered, and the appeal from the original order was withdrawn by consent, and this appeal is taken from said amended order.

The tenant claims that the court did not acquire jurisdiction of the proceedings by reason of defects in the petition. The petition recites as follows:

"The petition of George S. Underhill, of the said city, respectfully shows that he is the sole surviving executor and trustee under the last will and testament of Ann L. Underhill, deceased, and the landlord in respect to the

premises hereinafter described, succeeding as such executor, trustee, and landlord William H. Underhill, deceased, and that said William H. Underhill, as such executor, trustee, and landlord of the premises hereinafter mentioned, on or about the 21st day of March, A. D. 1906, entered into an agreement in writing with Max Cohen," etc.

A proper description of the petitioner's interest is an essential part of the petition in order to confer jurisdiction (Code Civ. Proc. § 2235; Cram v. Dietrich, 38 Misc. Rep. 790, 78 N. Y. Supp. 948; Engel, Heller & Co. v. Henry Elias Brg. Co., 37 Misc. Rep. 480, 75 N. Y. Supp. 1080; Ferber v. Apfel, 113 App. Div. 720, 99 N. Y. Supp. 215); and an objection to the jurisdiction of the subject-matter may be raised at any time, and even for the first time on appeal (Cram v. Dietrich, supra; Potter v. The Society, 23 Misc. Rep. 671, 52 N. Y. Supp. 294). The mere words "and the landlord of the premises hereinafter described" are insufficient to confer jurisdiction of the proceeding (Kazis v. Loft, 81 App. Div. 636, 80 N. Y. Supp. 1015; Loft v. Kaziz [Sup.] 84 N. Y. Supp. 228; Cohen v. Brossevitch, 33 Misc. Rep. 600, 67 N. Y. Supp. 1025; Engel, Heller & Co. v. Henry Elias Brg. Co., supra), for that is not a statement that the petitioner is the owner of the premises, so far as the term "landlord" may be taken as synonomous with "owner" (2 Bouv. Law Dict. [Rawley's Rev.] 115), but is a mere allegation of the relation of the parties, without setting forth actually or by inference a description of the petitioner's interest in the premises involved in the proceeding (Fuchs v. Cohen, 22 N. Y. Civ. Proc. R. 269, 19 N. Y. Supp. 236; Potter v. The Society, supra; Ross v. The Society, 23 Misc. Rep. 683, 52 N. Y. Supp. 303; Engel, Heller & Co. v. Henry Elias Brg. Co., supra). It is the assertion merely of an interest, but not a description of such interest. The courts have frequently held that a petition is fatally defective and insufficient to confer jurisdiction, which merely sets up the petitioner's interest as being that of landlord. Ferber v. Apfel, supra.

In the case at bar the petition recites, as we have seen, that the petitioner is the sole surviving executor and trustee of Ann L. Underhill, deceased, and landlord of the premises, "succeeding as such executor, trustee and landlord, William H. Underhill, deceased," who is stated to have made the agreement of lease with defendant. Under section 2235 of the Code, authorizing proceedings by a landlord to recover possession of demised premises, and requiring the petition to describe petitioner's interest, a petition, alleging that the petitioner made an agreement with the adverse party, whereby he let and such party hired the premises for a specified rental, sufficiently describes the petitioner's interest as that of landlord, since one who has entered into possession of premises under an agreement to pay rent therefor is estopped to dispute his lessor's title, and a statement of the derivation of the petitioner's title or right to make the lease is not requisite to the court's jurisdiction; for the statutory requirement of such description means merely that the petition must present a case within the section, showing that petitioner's interest is that of landlord or lessor. Slater v. Waterson Amusement Co., 58 Misc. Rep. 215, 109 N. Y. Supp. 50. If, therefore, the petition had been made by the late William H. Underhill in his lifetime, instead of the present petitioner,

the description of the petitioner's interest would have been clearly sufficient. The petition further states, as we have seen, that William H. Underhill made the agreement of lease with defendant in his capacity of such executor and trustee of said Ann L. Underhill, deceased, and the petitioner, therefore, shows that he holds exactly the same relation to the defendant that was held by William H. Underhill, whose title defendant is estopped to dispute. So far, therefore, as the motion to dismiss the proceedings for lack of jurisdiction is concerned, the final order must be affirmed.

We think, however, that the motion to open defendant's default and permit him to defend on the merits should have been granted on terms.

As to this motion the final order is reversed, and the default opened, on payment by defendant to petitioner of all costs to date.