(61 Misc. Rep. 652.)

### CAPPEL v. LONDON.

(Supreme Court, Appellate Term. January 15, 1909.)

LANDLORD AND TENANT (§ 303*) — RECOVERY OF DEMISED PREMISES—SUMMARY PROCEEDINGS—PETITION—SUFFICIENCY.

Under Code Civ. Proc. § 2235, permitting a landlord to make application for the removal of one from real property by summary proceedings, and requiring the petition to describe petitioner's interest therein, a petition which, in addition to describing petitioner's interest as that of agent of the landlord of the demised premises, alleged that the petitioner, as the agent of such landlord, entered into an agreement with defendant as tenant, and that by the terms of the agreement the tenant hired the premises from the landlord, was sufficient.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1303, 1304; Dec. Dig. § 303.*]

On reargument of appeal by defendant from a final order for plaintiff. Former order (113 N. Y. Supp. 2), reversing final order appealed from, vacated, and final order affirmed.

Bernard H. Sandler, for appellant.
Isidor Cohn, for respondent.

PER CURIAM. Upon the hearing of this appeal our attention was not called to the fact that the petition herein, in addition to setting forth that the petitioner was the agent of the plaintiff, who was the "landlord" of the demised premises, also contained the further allegation:

"That the petitioner, as the agent of such landlord, on or about the 1st day of April, entered into an agreement with Meyer London as tenant, and that by the terms of such agreement the said tenant hired from the said landlord the premises," etc.

This must be held to be a sufficient statement of the "interest" of the petitioner to comply with the requirements of section 2235 of the Code of Civil Procedure, and thereby to confer jurisdiction upon the justice of the Municipal Court. Slater v. Waterson, 58 Misc. Rep. 215, 109 N. Y. Supp. 50; Rowland v. Dillingham, 83 App. Div. 156, 82 N. Y. Supp. 470. Our former order, reversing the final order herein, must be vacated, and said final order must be affirmed.

Final order affirmed, with costs.