William H. Baker, Plaintiff, v. The Citizens' Trust Company of Brooklyn, Defendant.*

(Supreme Court, Kings Trial Term, June, 1909.)

Assignments — Requisites and sufficiency —Assignments in writing.
Landlord and tenant: Creation and existence of relation —Attornment; Estoppel to deny relationship: Rent and advances —·Rights and liabilities — Persons liable — Transfer of lease or agreement — Requisites and sufficiency of assignment.

The estoppel of a tenant to deny the title of his landlord ceases when the premises are physically surrendered upon the expiration of the term or a surrender is accepted by the landlord which terminates the term; but the tenant may not abandon the premises and repudiate the existing obligations of his lease by denying the landlord's title.

A, as security for a debt, conveyed certain premises upon the understanding that his grantee should convey the same to persons named by him when the debt was discharged or the security

---

* Received too late for insertion in proper place. Affirmed by Appellate Division on this opinion.— [Rep.

released. Thereafter A leased the property for ten years to the defendant bank which took possession at the beginning of the term. Subsequently A's grantee conveyed the premises to one who held them for A and who, later, on his request, conveyed the property to grantees who received the lease and to whom defendant paid. the rent by crediting it to them quarterly on. an account which they kept with it. Upon a conveyance of the premises by the last mentioned grantees to plaintiff the lease was handed to him, the defendant was notified of the transfer and paid the rent to plaintiff for nearly a year and then, claiming the lease was not binding upon it, abandoned the premises. In an action for rent, held, that plaintiff was entitled to judgment; that defendant held as tenant of its original lessors under the lease under which it entered into possession of the demised premises; that the payment of the rent to the plaintiff by defendant constituted an attornment, the effect of which was the acceptance of the plaintiff as a new landlord under the written lease with all its terms and conditions unchanged; that when the lease was handed to the plaintiff's grantors and, again, by them to the plaintiff, its delivery evidenced an intent that those to whom it was delivered should thereafter be entitled to the rent as landlords, and, under the circumstances, the delivery of the lease was equivalent to an assignment of the rent.

ACTION for rent. The opinion states the case.

Arthur S. Luria, for plaintiff.

Magner & Carew, for defendant.

BLACKMAR, J. Although the evidence is very meagre, yet I think it requires the finding of the following facts:

On April 24, 1907, the premises No. 198 Montague street were conveyed to Charles ·Cooper and Vennette F. Pelletreau. On the same day Cooper and Pelletreau conveyed the premises to the City Real Estate Company. The deed was given as security for a debt due from Cooper and Pelletreau and under the understanding that the company should convey to nominees of Cooper and Pelletreau when the debt was discharged or the security released. On May 8, 1907, Cooper and Pelletreau by an instrument under seal leased the property to the defendant for a term of ten years, to commence on the 1st day of August, 1907, at a rental of $7,580 per year, payable quarterly. The lease contained a privilege to

Supreme Court, June, 1909.          [Vol. 66.

the lessee to terminate the same, on giving a year's notice on or after May 1, 1912; but this clause has no bearing on the controversy before the court. The defendant took possession under the lease at the beginning of the term.

On August first the City Real Estate Company, at the request of Cooper and Pelletreau, conveyed the premises to Julia B. Reeve, who held the same for Cooper and Pelletreau and who, on August 2, 1907, at their request, conveyed to Benjamin May and Leo N. Levy. When May and Levy took title, they received the lease in question from Mr. Pelletreau, and thereafter the defendant paid rent under the lease to May and Levy, by crediting it to them quarterly on an account which they kept in the defendant bank. On April 3, 1908, May and Levy conveyed the premises to the plaintiff and handed the lease to him. The defendant was notified of the transfer and thereafter paid rent to the plaintiff up to and including the quarter ending February 1, 1909. The defendant having abandoned the premises, claiming that the lease was not binding on it, this action is brought to recover $1,895.00, being the rent for the quarter beginning February 1, 1909.

Whether the deed given by Cooper and Pelletreau to the City Real Estate Company was a mortgage, leaving them the owner of the premises, or whether the legal title passed to the company, yet, when the defendant obtained possession under the lease, it could not dispute the title of Cooper and Pelletreau nor their rights as landlords under the lease. The estoppel ceases when the premises are surrendered to the landlord. But I think this means a physical surrender on the expiration of the term, or a surrender accepted by the landlord which terminates the term. It does not mean that the tenant may abandon the premises and repudiate the existing obligations of the lease by denying the landlord's title. Jones v. Reilly, 174 N. Y. 97; Rowland v. Dillingham, 83 App. Div. 156; Melcher v. Kreiser, 28 id. 362; Steuber v. Huber, 107 id. 599. The defendant therefore held as lessee of Cooper and Pelletreau, under a lease with a ten-year term and not as a tenant at will as its counsel claims.

When the legal title, at the request of Cooper and Pel-

letreau, was conveyed through Julia B. Reeve to May and Levy and Mr. Pelletreau handed the lease to them, it evidenced an intent that they should thereafter be entitled to the rent as landlords. And the payment of the rent to May and Levy by the defendant constituted an attornment. Even if May and Levy were strangers in title to Cooper and Pelletreau, the tenant could attorn to them with Cooper and Pelletreau's consent. Real Prop. Law, § 194. The effect of the attornment was the acceptance of May and Levy as new landlords under the written lease, with all its terms and conditions unchanged. Austin v. Ahearne, 61 N. Y. 6.

If the lease was valid between May and Levy and the defendant, it follows that it was valid between the plaintiff and the defendant, because the defendant attorned to the plaintiff with May and Levy's consent and also by virtue of section 193 of the Real Property Law. It seems to me, also, that the delivery of the lease from Cooper and Pelletreau to May and Levy and from them to the plaintiff, under the circumstances, was equivalent to an assignment of the rents.

Judgment for plaintiff, with costs. Present findings on or before June 15, 1909.

Judgment for plaintiff.