### SIEGELSTEIN v. AUSLANDER.

(Supreme Court, Appellate Term.   January 5, 1911.)

1. LANDLORD AND TENANT (§ 303*)—RECOVERY OF DEVISED PREMISES—SUMMARY PROCEEDING—PETITION.

   Under Code Civ. Proc. § 2235, permitting a landlord to make application for the removal of the tenant by summary proceedings, and requiring the petition to describe petitioner's interest, a petition stating that petitioner entered into an agreement with one as tenant, that the latter entered into possession under the agreement, and that the term has expired and the tenant still remains in possession, sufficiently states petitioner's interest, since the tenant is estopped to dispute his lessor's title.

   [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1303, 1304; Dec. Dig. § 303.*]

2. LANDLORD AND TENANT (§ 307*)—AMENDMENT OF PETITION FOR POSSESSION —LEAVE OF COURT—AUTHORITY TO GRANT LEAVE.

   *Where the trial court had jurisdiction over the subject-matter of a petition for the removal of a tenant, it had power to allow an amendment to the petition.

   [Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 307.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Summary proceedings by Pierre E. Siegelstein, as landlord, for the removal of Morris Auslander, as tenant. From a final order awarding to the landlord possession of the premises described in the petition, the tenant appeals. Affirmed.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Isaac B. Reinhardt, for appellant.

Bennett E. Siegelstein, for respondent.

GIEGERICH, J. These proceedings were instituted to remove the tenant from the premises in suit by reason of the expiration of his term therein. The petition, among other things, alleges that on or about the 1st day of June, 1910, the petitioner entered into an agreement with one Morris Auslander, as tenant, by the terms of which the said tenant hired from him, as landlord, the premises in question for a specified term, which it is alleged has expired, and that the tenant entered into the occupation of the premises, and still occupies the same.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

As the tenant is estopped from disputing his lessor's title, this is a sufficient statement of the petitioner's interest, in conformity with the requirements of section 2235 of the Code of Civil Procedure (Cappel v. London, 61 Misc. Rep. 652, 114 N. Y. Supp. 97, and cases there cited) ; and the trial justice properly denied the motion to dismiss the proceedings, made on the ground that the petition was jurisdictionally defective. Since the court below had jurisdiction over the subject-matter, it had the power to allow an amendment of the petition, which, however, was unnecessary, in view of the sufficiency of the form of the petition as originally filed.

Final order affirmed, with costs and disbursements. All concur.