LORENZ REICH, Appellant, v. EVA S. COCHRAN et al., as Executors and Trustees under the Will of WILLIAM F. COCHRAN, Deceased, Respondents.

Landlord and tenant — summary proceedings — petition for summary removal of tenant — allegations sufficient to show relation of parties as landlord and tenant.

The statute relating to summary proceedings was designed to provide the landlord with a simple, expeditious and inexpensive means of regaining possession of his premises in cases where the tenant refused upon demand to pay rent, or where he wrongfully held over without permission after the expiration of his term. The effect of the Code revision was to bring the proceedings within the range of our remedial procedure, and not to render them more technical than they were before. While they are still statutory proceedings, in the prosecution of which the requirements of the statute must be met, they should not be so restricted as to destroy the remedy which they are designed to afford.

Section 2235 of the Code of Civil Procedure which directs that the applicant must describe "the premises of which the possession is claimed, and the interest therein of the petitioner, or the person whom he represents; stating the facts, which, according to the provisions of this title, authorize the application by the petitioner, and the removal of the person in possession," does not mean that the petitioner must plead the evidence upon which his right or title depends.

When the case is one of landlord and tenant that fact should be stated, and it is enough to make any statement from which it is clear that the applicant is the lessor or his assignee, and that the person in possession is the lessee or his assignee under a lease between the parties or their assignors. If that is clearly stated the applicant's interest in the premises is properly set forth. (*Ferber* v. *Apfel*, 113 App. Div. 720, 723, and *Matthews* v. *Carman*, 122 App. Div. 582, criticised.)

*Reich* v. *Cochran*, 139 App. Div. 931, affirmed.

(Argued March 24, 1911; decided April 7, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 29, 1910, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opion.

*Alton B. Parker, Frank S. Black, Edmund L. Mooney, Charles T. B. Rowe, Frederick A. Card* and *Theodore du Moulin* for appellant.. The District Court had no jurisdiction to make any adjudication because the petition utterly failed to state the interest of the petitioner as required by the statute. (*Ferber* v. *Apfel,* 113 App. Div. 720 ; *Schneider* v. *Leizman,* 57 Hun, 561 ; *Matthews* v. *Carman,* 122 App. Div. 582 ; *Bell Telephone Co.* v. *Parker,* 187 N. Y. 299.)

*Samuel Untermyer, James L. Bishop* and *Percy H. Stewart* for respondents. The District Court of the city of New York for the sixth judicial district had jurisdiction to entertain a summary proceeding to dispossess a tenant for non-payment of rent. Each of the facts necessary to be found to empower the court to make a final order dispossessing the tenant was stated in the petition. (*Jarvis* v. *Driggs,* 69 N. Y. 143 ; *Matthews* v. *Carman,* 122 App. Div. 582 ; *M. R. F. L. Association* v. *Cordero,* 33 Misc. Rep. 387 ; *McCotter* v. *Flynn,* 30 Misc. Rep. 119.) It is enough if a petition shows that the tenant is in possession under a lease from the petitioner for a defined term and at a specified rent. This is a sufficient averment of the petitioner's interest in the premises, because where the facts show that the relation of landlord and tenant has been created, the tenant cannot dispute the title of the landlord. (*Rowland* v. *Dillingham,* 83 App. Div. 156 ; *Slater* v. *Waterson & Law Amusement Co.,* 58 Misc. Rep. 215 ; *Cappel* v. *London,* 61 Misc. Rep. 652 ; *Underhill* v. *Cohen,* 61 Misc. Rep. 627 ; *Dreyfus* v. *Carroll,* 28 Misc. Rep. 222 ; *Fox* v. *Held,* 24 Misc. Rep. 184.)

WERNER, J.    After more than twenty years of almost con-
tinuous legal warfare, the history of the greater part of which
is very impressively set forth in the comprehensive and able
opinion of Mr. Justice HATCH written for the Appellate Divi-
sion of the first department upon a former appeal herein ·
(105 App. Div. 544), the parties to this suit have apparently
reached the end of their litigious journey.    The consolidated
actions, which have eventuated in the judgment now before us
for review, were brought to set aside an order of the District
Court of the city of New York for the 6th Judicial District,
made August 12th, 1892, in a summary proceeding instituted
by William C. Cochran, the testator of the defendants, against
Lorenz Reich, the plaintiff herein, to dispossess the latter
from premises in the city of New York known as the Cam-
bridge Hotel, and for other relief which it would be unprofit-
able to recapitulate.    At Special Term the complaint was dis-
missed on the merits upon findings of fact and conclusions of
law which were unanimously affirmed at the Appellate Divi-
sion.    This result was inevitable in view of our decision in
*Reich* v. *Cochran* (151 N. Y. 122), which was a suit between
the same parties, and in which it was held that the final order
in the summary proceedings above referred to was a valid
adjudication and a conclusive bar to an action brought by
Reich against Cochran to cancel the lease between them on
the ground that it was intended as a mortgage, which was
claimed to be void for usury.    In these circumstances we
should be content to affirm the judgment of the Appellate
Division herein without any further expression of our views,
were it not for a single question argued by the learned counsel
for the appellant on the authority of certain cases in our
Supreme Court.

It is asserted that the petition, which was the foundation
for the summary proceeding of August, 1892, was insufficient
to invest the District Court with jurisdiction, because it failed
to set forth such a statement of the petitioner's interest in the
premises as is required by the statute.    In support of the
argument made in that behalf we are referred to certain

decisions which we will briefly consider for the purpose of removing what appears to be a misapprehension of the requirements of the statutes relating to summary proceedings. Section 2235 of the Code of Civil Procedure enumerates the various persons by whom a petition in summary proceedings may be made and provides that " the applicant must present to the judge or justice a written petition, verified in like manner as a verified complaint in an action brought in the Supreme Court ; describing the premises of which the possession is claimed, *and the interest therein of the petitioner, or the person whom he represents; stating the facts, which, according to the provisions of this title, authorize the application by the petitioner,*" etc. As we understand the argument of the learned counsel for the appellant, it is that a petitioner must set forth in detail the facts which underlie his claim of interest in the premises, and from this postulate he proceeds to the proposition that the petition made by Cochran in 1892 was insufficient because it does not state these underlying facts. That petition named Cochran as landlord of the premises which were accurately described ; it recited a lease thereof made by Cochran to Reich at the time when the lessor was entitled to possession ; it alleged that Reich entered under that lease and continued in possession thereunder; that the petitioner " now is, and ever since the making of the said lease has been, the landlord of the said Lorenz Reich with respect to the above-described premises, and entitled to the rent ; " that a certain amount of rent is due and unpaid for which demand has been made, and that the tenant has failed to pay and holds over without the petitioner's permission.

A short reference to the history of the statutes relating to summary proceedings, and to the provisions of the statute as it now stands, will serve to show what we think is meant by the statutory requirement that the petitioner shall describe his interest in the premises and state the facts which authorize him to make an application for the removal of the tenant.

Prior to 1820 the only remedy which a landlord had was by action in ejectment. That was, of course, an expensive and

dilatory proceeding which in many instances amounted to a denial of justice. The statute of 1820 was designed to remedy this evil by providing the landlord with a simple, expeditious and inexpensive means of regaining possession of his premises in cases where the tenant refused upon demand to pay rent, or where he wrongfully held over without permission after the expiration of his term. Originally the staute was confined to cases of forcible entry and detainer and to cases where the strictly conventional relation of landlord and tenant, created by agreement, existed between the parties. The latter class embraced only those cases where the person in possession had, by some act or agreement, recognized another as his landlord and had thus foreclosed himself of the right to dispute the title. Under this early statute it was enough that the landlord, lessor, his legal representatives, agents or assigns should make an affidavit of the facts which authorized the removal of the tenant. (2 Rev. Stat. ch. 8, tit. 10, art. 2, sec. 29.) In cases of forcible entry and detainer a more formal complaint was required in which it was necessary to state that the complainant had "an estate of freehold or for term of years in the premises, then subsisting, or some other right to the possession thereof, stating the same." (2 Rev. Stat. ch. 8, tit. 10, art. 1, sec. 3.) By degrees the remedy has been extended until the statute now covers a variety of cases, such as holding over after title has been perfected under a sale on execution, or under foreclosure, or under agreements to work land on shares, or where property has been squatted upon, or where an owner or tenant of premises in the neighborhood of premises used or occupied as a bawdy house is authorized to institute proceedings. All these different cases are provided for in chapter 17, title 2 of the Code of Civil Procedure, which embraces section 2235, in which we find the direction that the applicant must describe "the premises of which the possession is claimed, and the interest therein of the petitioner, or the person whom he represents; stating the facts, which, according to the provisions of this title, authorize the

application by the petitioner, and the removal of the person in possession." As we construe this section it simply means that if the case is one of landlord and tenant that fact should be stated; if it is a case in which a purchaser under execution is entitled to possession, that fact should be stated, and so on through the list. It does not mean that the applicant, who is a landlord or lessor, must plead the evidence upon which his right or title depends. The phraseology of the present statute has simply been adapted to the various cases covered by it. In a case of landlord and tenant it is enough to make any statement from which it is clear that the applicant is the lessor or his assignee, and that the person in possession is the lessee or his assignee under a lease between the parties or their assignors. If that is clearly stated the applicant's interest in the premises is properly set forth. Tested by this rule, Cochran's petition of August, 1892, was sufficient to give the District Court jurisdiction. The effect of the Code revision was to bring summary proceedings within the range of our remedial procedure, and not to render them more technical than they were before. They are still statutory proceedings, in the prosecution of which the requirements of the statute must be met, and they are usually instituted in courts of circumscribed jurisdiction, where the right to act depends upon the sufficiency of the record. But they should not be so hypercritically restricted as to destroy the very remedy which they are designed to afford.

We think the provisions of section 2235 of the Code of Civil Procedure were construed too narrowly in *Ferber* v. *Apfel* (113 App. Div. 720, 723) and *Matthews* v. *Carman* (122 App. Div. 582), although the decisions in both of those cases were right upon other grounds which we need not discuss. The decision in *Schneider* v. *Leizman* (57 Hun, 561) was clearly justified by the peculiar facts of that case. The action was in equity to restrain the issuance of a warrant in summary proceedings under the section of the Code relating to forcible entry and detainer. The petition contained no description of the applicant's interest in the premises except

the statement that he was " in the quiet and peaceable possession and occupancy " thereof and entitled to remain so. This was not a statement of a fact but a bald conclusion.

There is another line of cases in the Supreme Court, the decisions in which are quite consonant with our views as to the requirements of section 2235 of the Code of Civil Procedure. In *Rowland* v. *Dillingham* (83 App. Div. 156) it was held that a petition made by an executor which set forth that portion of the will which gave him authority to sell and dispose of real estate, supplemented by the statement that he had entered into an agreement with the defendant as tenant, was sufficient to confer jurisdiction in summary proceedings. To the same effect is the decision of the Appellate Term in New York city in the case of *Slater* v. *Waterson & Law Amusement Co.* (58 Misc. Rep. 215) where it was held that the allegation that the petitioner had made an agreement with the defendant whereby the premises were let for a specified rent was a compliance with the statute. In that case BISCHOFF, J., very clearly stated what we regard as the true rule when he said : " The requirement of a description of the petitioner's interest in the premises obviously means no more than that the petition must present a case within these provisions, that is to say : it must appear that the petitioner's interest is that of landlord or lessor" or otherwise " as the case requires. * * * One who has entered into possession of premises under an agreement to pay rent therefor is estopped from disputing his lessor's title. *The latter's interest is, therefore, apparent from the agreement, and conclusively so ; and the derivation of his title or right to make the lease is not requisite to the jurisdiction of the court.*" (p. 216.) Other cases in which this correct rule has been followed are *Cappel* v. *London* (61 Misc. Rep. 652); *Underhill* v. *Cohen* (61 Misc. Rep. 627); *Dreyfus* v. *Carroll* (28 Misc. Rep. 222, 224).

The judgment herein must be affirmed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, HISCOCK and COLLIN, JJ., concur.

Judgment affirmed.