ISAAC ALTMAN, Landlord, *v.* MEYGRO HOLDING Co., INC., Tenant.

Municipal Court of New York, Borough of Manhattan, Tenth District, August 11, 1931.

*H. I. & L. Cohen*, for the landlord.
*Leo Moskowitz*, for the tenant.

DAVID C. LEWIS, J. This is a summary proceeding in which the landlord, as the lessor, seeks to recover possession from and against the tenant, as lessee, of some twenty-two *separate* parcels of improved real estate located in the borough of Manhattan, city, county and State of New York. While the entire demised premises are covered by a single lease, made between the parties hereto and providing a payment of a single total rent for the entire demised premises, it is conceded that eighteen of these houses are situated within the Tenth District Municipal Court and the remaining four houses are located in the Eighth District. For this reason the petition advisedly states: " That the said real property * * * is situated partly within the Tenth District Municipal Court of the City of New York, Borough of Manhattan."

The tenant has raised an objection to the jurisdiction of the Court upon the ground that because four of the separate parcels or houses are located in the Eighth District, the landlord has improperly included such real property in this proceeding, rendering the petition defective and depriving the court of jurisdiction.

It is conceded that these proceedings are essentially and exclusively of a statutory character. Created by the statute, they must stand or fall, depending upon whether or not they are within the jurisdiction of the court, as defined by such statute.

Section 1413 of the Civil Practice Act expressly states: " Except as provided in this section such jurisdiction shall only be exercised by a court or officer of the county, town, city or municipal court district in which the real property or a portion thereof is situated."

Subdivision 2 of section 6 of the Municipal Court Code reads: " A summary proceeding authorized by the Code of Civil Procedure to recover possession of real property situated wholly or partly within the district where application is made."

It might be noted that section 17 of the Municipal Court Code has to do primarily with venue and is not concerned with the question of jurisdiction.

The phraseology of the respective provisions indicates that the controlling feature on the question of jurisdiction is the district in which the real property or a portion thereof is situated.

The fact that several separate parcels of real estate, situated in divers localities may be incorporated in a single lease treated as a unit covered by a single rent is not controlling.

Counsel for the landlord would have this court assume jurisdiction of property beyond its territorial limits. Manifestly, this is impossible.

The court is mindful of the object and purpose of these proceedings.

" The effect of the Code revision was to bring summary proceedings within the range of our remedial procedure, and not to render them more technical than they were before. They are still statutory proceedings, in the prosecution of which the requirements of the statute must be met, and they are usually instituted in courts of circumscribed jurisdiction, where the right to act depends upon the sufficiency of the record. But they should not be so hypercritically restricted as to destroy the very remedy which they are designed to afford." (*Reich* v. *Cochran*, 201 N. Y. 450, at p. 455.)

Section 1413 specifically covers the case where real property is situated in an incorporated village which includes parts of two or more towns; and in such instances a justice of the peace of either town is expressly empowered to entertain the proceeding.

The Civil Practice Act makes no other provision for a case where real property consisting of separate parcels may be situated without the territorial jurisdiction. Undoubtedly the Legislature intended that where summary proceedings are instituted in a tribunal other than that of a justice of the peace, they shall be confined to a court within whose territorial limits the real property is situated. Hence, in this instance, the City Court of the City of New York would have complete jurisdiction to entertain this proceeding.

I take it that part of section 1413 of the Civil Practice Act providing for the institution of a summary proceeding before a court or officer within whose territorial limits a " portion " of the real property may be situated is not intended to refer to a proceeding in our Municipal Court where the property consists of separate parcels situated in different Municipal Court districts.

Upon the face of the petition, it calls upon this court for the exercise of jurisdiction over property entirely beyond its district lines.

The objection of the tenant is sustained and the proceeding dismissed without prejudice.