11 WELWYN ROAD REALTY, INC., Respondent, *v.* BERNARD H. GOLDFLUSS, Appellant.

Supreme Court, Appellate Term, First Department, April 1, 1948.

*James Allan Bernson* for appellant.

*Hyman Grill* for respondent.

HAMMER, J. This action is brought upon an " escalator " clause in a written lease to recover rent alleged to be due for the occupancy of residential property. The real property is located at 11 Welwyn Road, Great Neck, Long Island.

A written lease of the entire real property was made by the owner, Great Neck Improvement Company, to one Sol Atlas. Atlas, by written lease, rented apartment No. 3-K to the defendant for three years, beginning March 1, 1947, and ending February 28, 1950. Atlas assigned over his lease to plaintiff on July 1, 1947. Plaintiff notified defendant that pursuant to the terms of the lease the rent would be increased from $120 to $145 beginning August 1, 1947.

The plaintiff's address is 21 Schenck Avenue, Great Neck, Long Island, and the defendant, an attorney, resides at 11 Welwyn Road, Great Neck, Long Island, and maintains a law office at 350 Madison Avenue, borough of Manhattan, city of New York, the address indorsed on the summons with which defendant was personally served.

. It is contended by defendant-appellant that section 6 of the New York City Municipal Court Code should be read in conjunction with subdivision 1 of section 17 thereof, which provides that an action against the occupant of premises for rent must be brought in a district where the premises or property is located, and as the premises herein are located in Nassau County, outside the city of New York and the territorial limits of the Municipal Court of such city, there being no district thereof to which the cause may be transferred, the Municipal Court is without jurisdiction to entertain or try same.

It is my opinion that section 17 of the Municipal Court Code in its provision " that an action against the occupant of premises for rent and for the rental value of the use and occupation thereof, or to recover the possession of real property, must be brought in a district where the premises or property is located ", applies only when such real property is located in the city of New York. The other provision, " An action must be brought in a district within the borough " in which one of the parties resides " or has a place for the regular transaction of business ", etc., seems to me merely to designate the particular district or venue of trial. Our interest is only in the issue of jurisdiction of the Municipal Court. Under subdivision 1 of section 6, the Municipal Court has jurisdiction, when the amount claimed in the summons does not exceed $1,000, exclusive of interest and costs, of " an action upon a contract, express or implied, other than a contract to marry ". Clearly, that seems to cover this case, where the action is on an express contract of written lease and the amount claimed in the summons is $290. The jurisdiction conferred by law on a similar court in Nassau County is, of course, interesting, but in my opinion cannot add to or detract from that granted by law and necessary implication to the Municipal Court in New York City.

Section 17 is entitled " Venue ", and the section has to do primarily with venue and not with jurisdiction. Summary proceedings being statutory are distinguishable from this action (see *Altman* v. *Meygro Holding Co.*, 141 Misc. 202).

It seems to me that the provisions of section 17 provide salutary procedure for the orderly administration of the business of the Municipal Court in its various districts by requiring that rent actions which are usually numerous be brought in the particular district in which the property is located. This provision which regulates venue is designed for and accomplishes an efficient distribution of the business of the court. The provision has nothing to do with the jurisdiction or power of the court to try the cause, but is regulatory of the venue in the interest of efficient administration.

The question raised by defendant-appellant below and also on appeal is not one of venue but of jurisdiction. Under the circumstances shown, as the Municipal Court appears to have jurisdiction of the parties as well as of the subject matter, that question must be resolved in favor of plaintiff-respondent.

The order should be affirmed, with $10 costs.

EDER, J., concurs with HAMMER, J.; HOFSTADTER, J., dissents.

Order affirmed.