Maxwell Shapiro, J.
The defendant herein, moves pursuant to rule 107 of the Rules of Civil Practice, for an order dismissing the complaint on the ground that this court does not have jurisdiction over the subject matter of this action or, in the alternative, for an order dismissing the complaint upon the ground that the court should decline to accept jurisdiction in this matter upon the doctrine of forum non coiweniens.
The plaintiff seeks to recover the sum of $1,374.72, representing rent allegedly due and owing by the defendant for the months of January, February and March of 1957 pursuant to a lease covering premises located at 43-49 Chenango Street, Binghamton, New York, said lease being for a term of 10 years commencing January 1, 1949 and ending December 31, 1958.
It appears from the affidavit submitted to the court that on June 26,1953 the defendant assigned its interest in the remaining term of the lease, commencing August 1, 1953, to one, Alec Rosefsky, a resident of the city of Binghamton, State of New York, and that the latter thereafter sublet the premises to Mutual Designers, Inc., a New York corporation having an *789 office located in the city of Binghamton, New York. Both the assignment and the subletting were with the approval of the plaintiff; and that on and after August 1, 1953 and through December, 1956, all rental payments for the afore-mentioned term were made by the said Bosefsky directly to the plaintiff herein.
In December, 1956, the subtenant, Mutual Designees, Inc., vacated the premises and refused to make any further rental payments to its landlord, Bosefsky, and, thereafter, Bosefsky, in turn, failed to make any rental payments to the plaintiff herein for the months sued for as above mentioned; and, accordingly, the plaintiff thereafter instituted the instant action against the defendant.
The defendant’s contention is that the subtenant removed from the premises because of an alleged failure of the plaintiff to keep the premises in any kind of condition or state of repair, and the defendant further contends that Mutual Designers, Inc., the subtenant, vacated the premises because of a constructive eviction under the terms of the paramount lease between the plaintiff and the defendant.
The defendant further asserts that it will defend this action upon the grounds of a constructive eviction pursuant to which the lease between the parties was terminated as of December, 1956, and that no rent for the year 1957 was due to the plaintiff herein.
The defendant contends that by virtue of this contemplated affirmative defense, this court does not have jurisdiction of the matter by operation of subdivision 9 of section 183 of the Civil Practice Act; and it further asserts that in the event this court does conclude that it has jurisdiction over the subject matter, it should decline to accept same on the doctrine of forum non conveniens, in that the premises are located in the city of Binghamton, New York, and that all material witnesses required to prove or disprove the claim of constructive eviction reside in or about that city.
While the doctrine of forum non conveniens has existed as an inherent part of the judicial system, it obtained Supreme Court approval and national prominence in Gulf Oil Corp. v. Gilbert (330 U. S. 501 [1947]), although this, by no means, was the first decision on that principle enunciated by that court.
The court has applied the tests enumerated in the latter decision, to wit:
(1) Belative ease of access to sources of proof;
(2) Availability of compulsory process for attendance of unwilling witnesses;
*790 (3) Cost of obtaining attendance of willing witnesses;
(4) Possibility of view of premises;
(5) Enforcibility of a judgment;
(6) Possibility of a fair trial;
(7) The local interest in having localized controversies decided at home;
(8) Congestion of court;
(9) Ability to implead other parties necessary for a just and equitable disposition of the matter;
(10) To which court is plaintiff relegated by exercise of this doctrine.
The court has applied the tests enumerated in the decision of Gulf Oil Corp. v. Gilbert and has concluded that it will be to the best interests of the parties to decline jurisdiction of this matter. The plaintiff is not relegated or required to sue in a foreign State. An action commenced by plaintiff in Binghamton, New York, may still be commenced by the plaintiff in the State of its residence, its domicile and source of its existence as an entity.
This court by virtue of the foregoing tests has concluded that it should decline jurisdiction in this matter upon the doctrine of forum non conveniens. There is absolutely no connection between New York City and this lawsuit other than the fact that the plaintiff and the defendant have offices located in that city. The fact that the plaintiff has an office in New York City does not necessarily mean that this court is required to accept jurisdiction, although the defendant has, in such instance, the burden of convincingly demonstrating the inconvenience to the court in retaining the matter. (Koster v. Lumbermens Mut. Co., 330 U. S. 518.) The court believes that the defendant has met that burden in this instance.
This is a court of limited jurisdiction. The case involved herein, therefore, must be distinguished from those cases which require a court to assume jurisdiction of an action commenced by a resident of this State against a nonresident corporation. In such cases the resident would otherwise be required to sue in a foreign State. The parties in the instant litigation are both New York corporations. Consequently, defendant is entitled to as much consideration as plaintiff. By requiring plaintiff to sue in Binghamton this court does not require it to sue in a foreign and hostile State; rather, the litigation remains in the friendly home State of incorporation of both parties. Defendant, in its affidavit, and this is not denied by plaintiff, sets forth the fact that it is a New York corporation having a regular place of business in Binghamton and that it is subject to *791 suit in that city. The court, therefore, is of the opinion that, for the foregoing reasons, this matter properly belongs in a forum located in Binghamton and does not belong in this court.
The court is cognizant of the decision of the Appellate Term, First District, in 11 Welwyn Road Realty v. Goldfluss (191 Misc. 667) but believes that case does not prohibit application of the doctrine of forum non conveniens. In that case the court solely discussed the problem of the relationship of section 17 of the Municipal Court Code (venue) to section 6 of the Municipal Court Code (jurisdiction). The court did not discuss the concept of forum non conveniens, no defense of constructive eviction having been there interposed. In addition, in that case, the property involved was located in Great Neck, Nassau County, which county immediately adjoins New York City. No undue hardship, therefore, was imposed upon the parties to that action as would be imposed upon the parties in the case at bar where the property is located in the city of Binghamton, which is 200 miles from New York City.
The court having decided that it will decline to accept jurisdiction in this matter upon the doctrine of forum non conveniens, need not decide the other issue raised by the defendant, i.e., the applicability of subdivision 9 of section 183 of the Civil Practice Act to this litigation. It is, therefore, the opinion of this court that the complaint herein should be dismissed upon the ground that this court, in its discretion, declines to accept jurisdiction over this matter.